FILED
U.S. Bankruptcy Court
Western District of NC

OCT 19 2012

Steven T. Salata, Clerk
Charlotte Division
RMS

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In re:<br><br>Matthew Alan Jenkins,<br>*d/b/a/ Shephard Service Company,*<br><br>Debtor, | Case No. 12-50413<br><br>Chapter 7 |
| James T. Ward, Sr., Trustee, and Linda Simpson, United States Bankruptcy Administrator,<br><br>Plaintiffs,<br><br>v.<br><br>Matthew Alan Jenkins,<br><br>Defendant. | Adversary Proceeding 12-03223 |

### ANSWER AND AFFIRMATIVE DEFENSES TO
### COMPLAINT OBJECTING TO DISCHARGE

Defendant, Matthew Alan Jenkins, responds as follows to the allegations in

Plaintiffs' Complaint.

### PARTIES, JURISDICTION AND VENUE

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted that debtor filed for Chapter 7 bankruptcy protection on

April 11, 2012, as to all other allegations or inferences therein, denied.

6.    Defendant admits that his bankruptcy petition lists what it lists.

However, Plaintiffs intentionally mischaracterize the Wake County Superior Court

1

Order of April 10 as finding of fact (when it is not), and conspicuously ignore the Courts order April 12, 2012 wherein the Court admits there is nothing in the record support the false allegations leading to April 10:

> _MR. LELIEVER:_
>
> _To state -- that counsel stated that my client hasn't been here, he was never ordered to be here by the Court. If the Court wants to say or assert that my client is not complying with the Court, I want the Court to take a look at the record. My client has produced the documents._
>
> _Also, my client was never ordered in that order in 2011 to produce his wife's bank records. He was only ordered to do that Tuesday of this week, which my client has gone to the bank. I've shown you that he's preparing to do that. He's here in Court today as ordered. **There has been no allegation that he's transferred funds.**_
>
> _Mr. Chocklett's allegation that he hasn't filed all the documents, I don't know if he's aware of what the bankruptcy code is, but my client has 14 days to produce those. As you can see on the document, he did this by himself. He does not have an attorney to produce these things for him._
>
> _He has a legitimate claim to bankruptcy as far as I can tell, Your Honor, and to assert that he doesn't is just that, it's an assertion. To assert that he's not complying with the Court order is just that, it's an assertion. But, Your Honor, you ordered my client to be present today. He's here today._
>
> _You ordered him to go and see if he can get those records from the bank. He has done that. You ordered him not to transfer property. He's done that too._
>
> _THE COURT:_
>
> _Mr. Chocklett, I have actually reviewed the file. **I could find no order in the file in which the defendant was compelled by court order to appear at previous hearings**._
>
> _The Court finds the defendant is **<u>not</u>** in criminal violation of the -- any order of the Court, and therefore the Court dismisses the show cause action;_

(Exhibit A, Transcript of April 12, 2012 Hearing,  9:16-25, 10:1-23, 11: 11-13)

The April 10, 2012 order was drafted in its entirety by Federated's attorney, Gregory Chocklett, whom, upon information and belief, has conspired with Trustee's attorney in these proceedings to ensure Defendant's discharge would be denied. As to other allegations or inferences therein, denied.

7.      Admitted.

8.      Admitted that Debtor sent an email on April 17, 2012 and that the Court's order of April 20, 2012 states what it states, as to all other allegations or inferences therein, denied.

9.      Admitted that Defendant provided copies of his 2010 and 2011 federal and state income tax returns to Plaintiffs, as to all other allegations or inferences therein, denied.

10.      Admitted that Defendant's Bankruptcy Papers state what they state, as to all other allegations or inferences therein, denied.

11.      Admitted that Defendant's Bankruptcy Papers state what they state, as to all other allegations or inferences therein, denied.

12.      Admitted that Defendant's email of May 4, 2012 states what it states, as to all other allegations or inferences therein, denied.

13.      Admitted that Defendant's Bankruptcy Papers state what they state, as to all other allegations or inferences therein, denied.

14.      Admitted that Defendant's Bankruptcy Papers state what they state, as to all other allegations or inferences therein, denied.

15.      Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

3

16.  Denied.

17.  Admitted that Defendant's tax returns state what they state, as to all other allegations or inferences therein, denied.

18.  Admitted that the transcript of the May 14, 2012 Meeting of Creditors states what it states, as to all other allegations or inferences therein, denied.

19.  Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

20.  Admitted that the transcript of the May 14, 2012 Meeting of Creditors states what it states, as to all other allegations or inferences therein, denied.

21.  Admitted that Defendant's Bankruptcy Papers state what they state, as to all other allegations or inferences therein, denied.

22.  Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

23.  Admitted that the transcript of the May 14, 2012 Meeting of Creditors states what it states, as to all other allegations or inferences therein, denied.

24.  Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

25.  Defendant admits (D.E. 87) and (D.E. 108) state what they state, as to all other allegations or inferences therein, denied.

26.  Admitted.

27.  Denied to the extent that Plaintiffs' narrative inaccurately describes Defendant's testimony. Specifically, counsel for the Trustee did not inquire into contact information for any putative defendant's listed in the Bankruptcy Papers.

4

28.     Denied to the extent that Plaintiff's narrative inaccurately describes Defendant's testimony.

29.     Admitted that Exhibits D and E state what they state, as to all other allegations or inferences therein, denied.

30.     Admitted that Exhibit E states what it states, as to all other allegations or inferences therein, denied.

31.     Admitted that Exhibits F and G state what they state, as to all other allegations or inferences therein, denied.

32.     Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

33.     Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

34.     Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

35.     Admitted that Exhibit E states what it states, as to all other allegations or inferences therein, denied.

## FIRST CAUSE OF ACTION
### Denial of Discharge – 11 U.S.C. §§ 727(c) and (a)(2)

36.     Defendant re-alleges and re-incorporates paragraphs 1 through 35 as if fully restated herein.

37.     Admitted that Section 727(a)(2)(a) states what it states, as to all other allegations or inferences therein, denied.

38.     Denied. Federated is a debt collector, subject to 15 U.S.C. § 1692 *et seq.*

5

39.     Denied to the extent that the "stayed" supplemental proceeding is a separate legal action from the underlying civil action which resulted in the judgment.

40.     Denied. Defendant has a statutory right to seek dismissal.

41.     Denied. No lawsuit proceeds were transferred to Dianna Jenkins.

42.     Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

43.     Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

44.     Denied. Defendant's Bankruptcy Papers state what they state.

45.     Denied. No transfers were made. Plaintiffs' allegation is devoid of factual basis.

46.     Denied to the extent that no transfer was made. Further, Defendant denies the validity of the so-called Federated judgment.

47.     Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

48.     Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

49.     Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

50.     Admitted that Defendant's Bankruptcy Papers state what they state, as to all other allegations or inferences therein, denied.

6

51. Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

52. Admitted that § 727(c) states what it states. Denied that Plaintiffs are entitled to relief under § 727(a)(2).

## SECOND CAUSE OF ACTION
### Denial of Discharge – 11 U.S.C. § 727(a)(3)

53. Defendant re-alleges and re-incorporates paragraphs 1 through 52 as if fully restated herein.

54. Admitted that Section 727(a)(3) states what it states, as to all other allegations or inferences therein, denied.

55. Admitted that Section 521(a)(4) states what it states, as to all other allegations or inferences therein, denied.

56. Denied. Defendant has provided all records which have been reasonably requested of him.

57. Denied.

58. Denied.

59. Denied. Defendant was under no obligation to maintain records.

60. Denied. Defendant was under no obligation to maintain records.

61. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

62. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

## THIRD CAUSE OF ACTION
### Denial of Discharge – 11 U.S.C. § 727(a)(4)

63.    Defendant re-alleges and re-incorporates paragraphs 1 through 62 as if fully restated herein.

64.    Admitted that Section 727(a)(4) states what it states, as to all other allegations or inferences therein, denied.

65.    Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

66.    Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

67.    Denied. No transfers were made. Plaintiffs' allegation is therefore devoid of factual basis.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' have failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant herein, Plaintiff was acting in good faith, without fraudulent intent and did not conspire in or otherwise participate in any fraudulent scheme.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs intentionally wasted assets of the bankruptcy estate, sufficient to pay the listed creditors, by failing to settle and/or prosecute Defendant's pending and unliquidated claims and refusing to obtain competent counsel with respect to the litigation of TCPA claims.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs intentionally wasted assets of the bankruptcy estate, sufficient to pay the listed creditors, by engaging counsel whose interests were in conflict with those of the estate and whose only motive in these proceedings is to generate income for themselves.

### DEMAND FOR A JURY TRIAL

The Defendant demands a trial by jury of all issues so triable.

WHEREFORE Defendant respectfully requests an Order dismissing the case and awarding its fees and costs to the extent provided by law.

Dated: _____10/16/12_____

Respectfully submitted,

Matthew Alan Jenkins
14833 Mansa Dr.
La Mirada, CA
562-882-0300
shephard68@yahoo.com

9

## UNITED STATES BANKRUPTCY COURT
### Western District of North Carolina
### Charlotte Division

In re:

    Matthew Alan Jenkins                     Case No. 12-50413
    f/d/b/a Shephard Service Company

        Debtor,                         Chapter 7

_____

    James T Ward Sr., Trustee and Linda
    Simpson, United States Bankruptcy        Adversary Proceeding 12-03223
    Administrator
                     Plaintiffs,

v.

Matthew Alan Jenkins,

           Defendant

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT OBJECTING TO DISCHARGE was served on the following
parties either by electronic service or U.S. mail, postage prepaid and addressed as follows:

U.S. Bankruptcy Administrator
*Via electronic service*

W. Andrew Leliever
5 W. Hargett Street, Suite 206
Raleigh, NC 27601

A. Cotton Wright
Grier Furr & Crisp PA
101 N. Tryon St. Suite 1240
Charlotte, NC 28246

James T. Ward Sr.
404 Bethel St.
PO Box 240
Clover, SC 29710

Caren Enloe
Morris, Manning&Martin,LLP
1000 Park Forty Plaza
Suite 350
Durham, NC 27713

Gregory P Chocklett
Law Offices of Gregory P Chocklett
711 Harvey St.
Raleigh, NC 27608

Jon Player
Hedrick, Gardner, et al. LLP
PO Box 30397
Charlotte NC 28230

This is the __16__ day of __October__, 2012

_____
Matthew Alan Jenkins
14833 Mansa Dr.
La Mirada, CA 90638
Email: shephard68@yahoo.com

EXHIBIT "A"

```
1   STATE OF NORTH CAROLINA   GENERAL COURT OF JUSTICE
    COUNTY OF WAKE             SUPERIOR COURT DIVISION
2                                  09 CVS 002084

3
    _____
4   FEDERATED FINANCIAL CORPORATION  )
    OF AMERICA,                      )
5                                    )
                        Plaintiff,   )
6           vs.                      ) Transcript
                                     ) 4-12-2012
7   MATT JENKINS, Individually and   )
    d/b/a SHEPARD SERVICE COMPANY,   )
8                                    )
                        Defendant.   )
9   _____

10

            TRANSCRIPT OF PROCEEDINGS in the
11  above-entitled cause on April 12, 2012, before
    The Honorable Donald Stephens in the Wake County
12  Courthouse, Raleigh, North Carolina.

13
                A P P E A R A N C E S
14

15  FOR THE PLAINTIFF:
    Mr. Gregory P. Chocklett,
16  ATTORNEY AT LAW.

17  FOR THE DEFENDANT:
    Mr. W. Andrew LeLiever,
18  ATTORNEY AT LAW.

19

20

21

22

23

24

25
```

1           THE COURT:  We're back in session.  This is

2    09 CVS 271 versus Matt Jenkins.

3           MR. LELIEVER:  Your Honor, I may have the wrong

4    file number up there.  I apologize.  It should be 2084.

5           THE COURT:  All right.  I'm reading what you

6    handed me, and it's 2084, so we'll correct that,

7    09 CRS 002084, Federated Financial, plaintiff, versus

8    Matt Jenkins, individually and doing business as Shepard

9    Service Company.

10          All right.  This is the matter in which we had

11   a hearing early in the week, and the defendant failed to

12   appear at that hearing, a show cause hearing.  Let's

13   see.  Have you got a copy of the order I signed?

14          MR. CHOCKLETT:  You know, Your Honor, I believe

15   I left mine at my office because I was in a -- oh, wait

16   a minute.  Here it is.  I got it.  In fact, I may have

17   two here.  Yes, sir, I have two.

18          THE COURT:  All right.  The Court has set a

19   hearing, properly noticed, on a show cause why the

20   defendant shouldn't be held in civil contempt, plaintiff

21   comply with the previous order of the Court set for

22   April the 10th of this week at 10 o'clock, and it was

23   heard in Courtroom 10D.

24          At that time, the defendant and his counsel

25   were -- defendant's counsel was present, but the

1    defendant was not present.

2          The Court conducted a hearing with reference to

3    certain bank accounts that were required to be produced

4    today and ordered that the defendant appear today at 10

5    o'clock to show cause why he hadn't been there on

6    Tuesday, and to produce those records.

7          And he's ordered not to transfer any funds out

8    of any of those accounts pending further order of the

9    Court, so -- and the defendant's counsel was present at

10   that hearing and had indicated to the Court, as I

11   recall, that the defendant was aware of the hearing and

12   had been -- had some matters come up that had caused his

13   attention to be directed otherwise, and he did not come

14   to court on that date, but there was no suggestion that

15   he was medically unable to attend or had any basis that

16   the Court would determine to be an emergency that would

17   have precluded him from attending.

18          Your client here?

19          MR. LELIEVER:  Your Honor, I'm sitting next to

20   Matt Jenkins.

21          THE COURT:  Okay.  Are you Matt Jenkins?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Okay.  Thank you.  Have a seat.

24   Well, what have we got now?  We have a motion to stay

25   the proceedings filed by the defendant, with

1    accompanying document indicating that Matthew Allen

2    Jenkins has filed a petition in the Western District of

3    North Carolina in the United States Bankruptcy Court,

4    looks like on April the 11th of 2012.

5              It appears from this filing that the same

6    Matthew Jenkins had previously filed a bankruptcy

7    petition in February, on February the 8th of 2010.

8              All right.  I'll hear you on the motion to

9    stay.

10             MR. LELIEVER:  Your Honor, my client --

11             THE COURT:  I'll hear you on your motion to

12   stay.

13             MR. LELIEVER:  My client has filed a Chapter 7

14   bankruptcy with the Western District of North Carolina.

15   I attached a stamped copy of that filing to the Court

16   today.

17             THE COURT:  Okay.  Well, that stays the -- you

18   want to respond?

19             MR. CHOCKLETT:  Your Honor, as I understand

20   it --

21             THE COURT:  That stays the civil proceeding in

22   this matter.

23             MR. CHOCKLETT:  Right.  Not criminal contempt.

24             THE COURT:  That stays the civil proceeding in

25   this matter.  It does not stay the action for criminal

1    contempt for failure to appear.  That's not stayed.  All

2    right.

3              MR. LELIEVER:  That's my understanding, Your

4    Honor.

5              THE COURT:  Okay.  Are you ready to proceed in

6    that matter?

7              MR. LELIEVER:  Yes, Your Honor.

8              THE COURT:  Okay.  Are you ready to proceed in

9    that matter?

10             MR. CHOCKLETT:  Yes, sir.

11             THE COURT:  Okay.  All right.

12             MR. CHOCKLETT:  Well, Your Honor, as you know,

13   we filed the motion to show cause for civil contempt,

14   and as you indicated, we had the hearing.  Mr. Jenkins

15   did not appear, so you were unable to inquire about

16   certain matters.

17             THE COURT:  He wasn't here.  He has not

18   appeared in this proceeding in recent memory.

19             MR. CHOCKLETT:  Excuse me, sir.

20             THE COURT:  According to you, he's not appeared

21   in this proceeding in recent memory.

22             MR. CHOCKLETT:  That is true, Your Honor.  I

23   haven't seen him since 2009, I believe, or maybe early

24   2010, so, you know, we keep getting appeals every time

25   an order is issued, and I understand he's going to issue

1   or appeal your order from Tuesday.

2       THE COURT:   Well, I don't think -- he may have

3   a hard time doing it if I'm going to stay the

4   proceeding.

5       MR. CHOCKLETT:   Well, I mean, at this point in

6   time, you know, I believe that the bankruptcy was simply

7   filed to stop this proceeding, that was his intent.

8       The prior bankruptcy he filed, as I understand

9   it, was to stop a foreclosure on his house, and he let

10  that bankruptcy lapse.

11      We've already got a notice of deficient filing

12  in this bankruptcy.  He has not filed the documents he's

13  supposed to file in this bankruptcy either.  I believe

14  that the bankruptcy is simply another ploy by

15  Mr. Jenkins to avoid court rulings, and including Your

16  Honor's on Tuesday.  And as I understand it, he has no

17  intent to produce the documents that Your Honor ordered

18  either.

19      THE COURT:   Well, I don't know what his

20  intentions are.

21      MR. CHOCKLETT:   That's -- in the companion, no,

22  not the companion case, but in the Federal case against

23  me and my client, there's another attorney representing

24  my client.  He had a discussion with Mr. LeLiever and he

25  reported to me what that discussion was, and that

1   discussion was they are going to appeal your order and
2   that --
3               MR. LELIEVER:  Objection, Your Honor.
4               THE COURT:  Why?  Why object?
5               MR. LELIEVER:  Well, first of all, what my
6   conversation was with the other attorney was actually a
7   negotiation, so that conversation is privileged, and
8   that attorney said that he would not share it with
9   Mr. Chocklett.
10              THE COURT:  Apparently he didn't comply.
11              MR. LELIEVER:  Apparently not.
12              THE COURT:  All right.  He chose to waive the
13  privilege, so go ahead.
14              MR. CHOCKLETT:  Well, as I understand it,
15  Mr. LeLiever represented that he's going to appeal your
16  order and that he's not going to produce the documents
17  and that the very reason he filed the bankruptcy was to
18  avoid the Court's order --
19              THE COURT:  Well, you know.
20              MR. CHOCKLETT:  -- Which is typical of him.
21              THE COURT:  I didn't just fall off a turnip
22  truck.  Duh.  I mean, you know.  Duh.  You get that?
23  Duh.
24              MR. LELIEVER:  May I be heard?
25              THE COURT:  Yes.

1            MR. LELIEVER:  First off, that is a

2    misrepresentation with my conversation with John Player,

3    who is the other attorney.  When I talked to

4    Mr. Player --

5            THE COURT:  I mean, do you think I'm stupid?

6            MR. LELIEVER:  I'm sorry, Your Honor.  The

7    questioning is --

8            THE COURT:  I mean --

9            MR. LELIEVER:  You just stated --

10           THE COURT:  -- pretty obvious.

11           MR. LELIEVER:  Your Honor, it's not.  The fact

12   that we'd appeal an order is one thing.  The fact that

13   we'd say that we weren't going to produce records is a

14   totally different thing.  Your Honor, may I approach.

15   We actually -- I advised my client to go to BB&T to talk

16   with them about producing those records.  He's actually

17   talked with them.  We have a timeline about how long it

18   would take them to produce those records.  We intend on

19   producing those records.  We do.  You've given us two

20   days to produce records from '08 to current.

21           THE COURT:  Right.

22           MR. LELIEVER:  Okay.  That was a big measure of

23   business.  First off, he went there, and he was told

24   that he couldn't get the records because he isn't on the

25   account.  His wife, we're talking to her to try and get

1    her to agree to release those records to us, and I think

2    we might be able to get them pursuant to the -- because

3    she has an online account with them.

4         However, let me first start off this whole

5    basis with saying my client didn't appear.  Your Honor,

6    counsel is correct; he filed a motion to show cause in

7    this proceeding.

8         If you'll review the record, you never ordered

9    my client to appear.  The original order from 2011 never

10   ordered my client to appear with the documents, ordered

11   him to produce the documents, which my client did.

12        There was never an order from the Court to

13   appear except the one you had on Tuesday to appear

14   today, which my client has done.

15        THE COURT:  I am well aware of that, okay.

16        MR. LELIEVER:  To state -- that counsel stated

17   that my client hasn't been here, he was never ordered to

18   be here by the Court.  If the Court wants to say or

19   assert that my client is not complying with the Court, I

20   want the Court to take a look at the record.  My client

21   has produced the documents.

22        Also, my client was never ordered in that order

23   in 2011 to produce his wife's bank records.  He was only

24   ordered to do that Tuesday of this week, which my client

25   has gone to the bank.  I've shown you that he's

1  preparing to do that.  He's here in Court today as

2  ordered.  There has been no allegation that he's

3  transferred funds.

4        Mr. Chocklett's allegation that he hasn't filed

5  all the documents, I don't know if he's aware of what

6  the bankruptcy code is, but my client has 14 days to

7  produce those.  As you can see on the document, he did

8  this by himself.  He does not have an attorney to

9  produce these things for him.

10        He has a legitimate claim to bankruptcy as far

11  as I can tell, Your Honor, and to assert that he doesn't

12  is just that, it's an assertion.  To assert that he's

13  not complying with the Court order is just that, it's an

14  assertion.  But, Your Honor, you ordered my client to be

15  present today.  He's here today.

16        You ordered him to go and see if he can get

17  those records from the bank.  He has done that.  You

18  ordered him not to transfer property.  He's done that

19  too.

20        THE COURT:  Mr. Chocklett, I have actually

21  reviewed the file.  I could find no order in the file in

22  which the defendant was compelled by court order to

23  appear at previous hearings.

24        Then we move from the civil arena to a criminal

25  context.  The rules are very different, and they're most

1    strict and inflexible.  I believe there's no basis in

2    which to find the defendant is in criminal contempt of

3    this Court.  And the bankruptcy proceeding having been

4    filed, further orders of the Court are stayed with

5    regard to production of documents, including his wife's

6    records.

7             So the Court hereby finds that the defendant

8    has filed bankruptcy in the Western District, and this

9    action, a civil action, is stayed pending the bankruptcy

10   proceeding and further orders of the bankruptcy Court.

11            The Court finds the defendant is not in

12   criminal violation of the -- any order of the Court, and

13   therefore the Court dismisses the show cause action;

14   however, the Court does enter an order that if this --

15   if the bankruptcy petition is dismissed, or the

16   automatic stay is vacated, allowing this action to

17   proceed, that the defendant is compelled to appear at

18   any hearing scheduled by either party in this action

19   hereafter, unless excused by the Court.

20            Mr. Jenkins, do you understand that?

21            THE DEFENDANT:  Yes, Your Honor.

22            THE COURT:  Okay.  There won't be any

23   misunderstanding later, all right?  All right.  That's

24   the order of the Court.  Thank you.

25            MR. CHOCKLETT:  Thank you, Your Honor.  Did you

1    want me to prepare that order?

2            THE COURT:   Please.   Send a copy to opposing

3    counsel.

4            MR. LELIEVER:   Your Honor, permission to be

5    able to read that order and make any corrections --

6            THE COURT:   Absolutely.

7            MR. LELIEVER:   -- before.

8            THE COURT:   Absolutely, sure.   You all let me

9    know when you you're either satisfied with it or you

10   want to present an opposing order.   That will be fine

11   too.

12           MR. LELIEVER:   Thank you very much, Your Honor.

13   Have a good day.

14           THE COURT:   And you will -- you'll need to

15   prepare an order actually staying the proceeding --

16           MR. LELIEVER:   I will.

17           THE COURT:   -- for our Trial Court --

18           MR. LELIEVER:   Can I present that to your --

19           THE COURT:   -- Trial Court Administrator.   Just

20   meet with her, and just stay the proceeding pending the

21   bankruptcy.

22           MR. LELIEVER:   Thank you.   Have a good day,

23   Mr. Chocklett.

24           (PROCEEDINGS CONCLUDED.)

25

```
 1    STATE OF NORTH CAROLINA   GENERAL COURT OF JUSTICE
      COUNTY OF WAKE            SUPERIOR COURT DIVISION
 2                                   09 CVS 002084

 3
      _____
 4    FEDERATED FINANCIAL CORPORATION  )
      OF AMERICA,                      )
 5                                     )     CERTIFICATE
                         Plaintiff,    )
 6            vs.                       )    Transcript of
                                       )    April 12, 2012
 7    MATT JENKINS, INDIVIDUALLY and   )
      d/b/a SHEPARD SERVICE COMPANY,   )
 8                                     )
                         Defendant.    )
 9    _____

10

11            I, Linda C. Bowden, the officer before whom

12    the foregoing proceeding was taken, do hereby certify

13    that said hearing, pages 1 through 12 inclusive, is a

14    true, correct and verbatim transcript of said

15    proceeding.

16            I further certify that I am neither counsel

17    for, related to, nor employed by any of the parties to

18    the action in which this proceeding was heard; and

19    further, that I am not financially or otherwise

20    interested in the outcome of the action.

21            In WITNESS WHEREOF, I have hereunto set my

22    hand, this 20th day of June, 2012.

23

24    _____

25         Linda C. Bowden, Official Court Reporter
```