UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re:<br>    Matthew Alan Jenkins,<br>    d/b/a Shephard Service Company,<br><br>                    Debtor. | Case No. 12-50413<br><br>Chapter 7 |
| James T. Ward, Sr., Trustee, and Linda Simpson, United States Bankruptcy Administrator,<br><br>                    Plaintiffs,<br><br>v.<br><br>Matthew Alan Jenkins,<br><br>                  Defendant. | Adversary Proceeding 12-3223 |

**AFFIDAVIT OF A. COTTEN WRIGHT IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

A. Cotten Wright, being duly sworn, deposes and says:

1. My name is A. Cotten Wright, and I am a member of the law firm of Grier Furr & Crisp, PA, 101 North Tryon Street, Suite 1240, Charlotte, North Carolina.

2. I have been engaged to represent James T. Ward (the "Trustee" or "Plaintiff"), the trustee in the chapter 7 bankruptcy case of Matthew Alan Jenkins (the "Debtor"), Case No. 12-50413.

3. This Affidavit is provided in support of Plaintiffs' Motion for summary judgment (the "Motion"). Plaintiffs have filed a *Brief in Support of Motion for Summary Judgment* (the "Brief") to which certain exhibits are attached.

4. On April 18, 2012, Lillian Savoy, assistant to attorney Gregory P. Chocklett, emailed copies of the *Order to Lift Stay; Order Denying Defendant's Request for Arbitration;*

*Order Granting Discovery Sanctions, Including Striking Defendant's Answer, Entry of Default and Default Judgment, Award of Attorney's Fees; and Order Denying Motion to Hold Defendant in Contempt of Court*, the *Order to Show Cause Why Matt Jenkins Should Not Be Held in Criminal Contempt of Court and Order Forbidding Transfer of Defendant's Property* in the case of *Federated Financial Corporation of America v. Matt Jenkins, individually and d/b/a Shephard Service Company,* and the *Order Finding Matt Jenkins Not to Be in Criminal Contempt of Court and Order Staying Civil Proceedings Pending Outcome of Bankruptcy Proceedings*, which are attached to the Brief as Exhibits A, B, and C, respectively.

5. On April 17, 2012, I received an email from the Debtor, which is attached to the Brief as Exhibit D.

6. On May 9, 2012, I received an email from the Debtor, which is attached to the Brief as Exhibit E.

7. Documents obtained from W. Andrew LeLiever ("LeLiever"), the Debtor's pre-petition litigation counsel, comprise Exhibit F. On April 27, 2012, W. Andrew LeLiever ("LeLiever") sent an email to me listing certain checks that LeLiever wrote to Dianna Jenkins. A copy of this email appears as Exhibit F-1 to the Brief. The attachments to that email are not included, however, because they reflected declarations that are not relevant to the Motion. On May 3, 2012, I traveled to LeLiever's office and he gave me the documents that appear as Exhibit F-2 to the Brief detailing the Debtor's various litigation settlements and settlement amounts. On July 9, 2012, LeLiever emailed to me the trust account ledger that appears as Exhibit F-3 to the Brief. Also on July 9, 2012, LeLiever emailed to me the copies of checks that appear as Exhibit F-4 to the Brief. Also on July 9, 2012, LeLiever emailed to me the information regarding the breakdown for the disbursements of certain Lawsuit Proceeds that appears as

Exhibit F-5 to the Brief. On July 22, 2012, LeLiever emailed to me confirmation from the Debtor regarding the disbursement of certain Lawsuit Proceeds, which appears as Exhibit F-6 to the Brief; however, LeLiever's cover letters to the Debtor that were attached to that email are not included with Ex. F-6. Also on July 22, 2012, LeLiever emailed to me an online statement from his trust account at Wells Fargo Bank which appears as Exhibit F-7. On information and belief, Ex. F contains certain information that is subject to confidentiality agreements entered into by the Debtor; therefore, Ex. F will be filed under seal.

8. On July 25, 2012, I received an email, with attachments, from the Debtor, which is attached to the Brief as Exhibit G.

9. Exhibit H to the Brief reflects excerpts from the transcript of the meeting of creditors conducted on May 14, 2012.

10. On April 20, 2012, the Court entered an Order in Adversary Proceeding 12-5033 that, among other things, directed Dianna Jenkins to provide copies of her bank statements to the Trustee for the period beginning April 11, 2008 to the Petition Date. At the meeting of creditors that was held on May 14, 2012, the Debtor provided certain copies of bank statements with respect to Dianna Jenkins' checking account at Branch Banking and Trust Company to the Trustee. The Trustee subsequently sent those bank statements to me. On July 17, 2012, Dianna Jenkins emailed a copy of her April 15, 2012 statement on the BB&T Account to me. Together, these bank statements appear as Exhibit I to the Brief.

11. On May 14, 2012, Dianna Jenkins emailed copies of bank statements with respect to her checking account at Wells Fargo Bank (formerly Wachovia Bank) to me. These bank statements are included in Exhibit J to the Brief.

3

12. <u>Exhibit K</u> to the Brief reflects excerpts from the transcript of the Debtor's testimony at the meeting of creditors conducted on July 19, 2012.

13. On July 22, 2012, I received an email from LeLiever, which is attached to the Brief as <u>Exhibit L</u>.

14. On August 16, 2012, I received an email from J. Blake Norman ("Norman"), including attachments detailing disposition of Lawsuit Proceeds, which is attached to the Brief as <u>Exhibit M</u>. On information and belief, Ex. M contains certain information that is subject to confidentiality agreements entered into by the Debtor; therefore, Ex. M will be filed under seal.

15. On July 24, 2012, I received an email from Dianna Jenkins, which is attached to the Brief as <u>Exhibit N</u>.

16. On July 19, 2012, I sent an email to the Debtor, which is attached as <u>Exhibit O</u> to the Brief.

17. <u>Exhibit P</u> is a spreadsheet that summarizes information regarding transfers of the Debtor's Lawsuit Proceeds to Dianna Jenkins derived from the other documents attached as exhibits to the Brief, as follows:

- Statements for the BB&T Account (Ex. I);
- Statements for the Wells Fargo Account (Ex. J);
- Documentation obtained from LeLiever (Ex. F);
- Documentation obtained from Norman (Ex. M); and
- The Debtor's redacted summary of Lawsuit Proceeds included in Ex. G.

Because Ex. P contains information gleaned from Exs. F and M, which will be filed under seal, Ex. P will be filed under seal as well.

18. <u>Exhibit Q</u> to the Brief reflects email correspondence between Dianna Jenkins and me dated August 28 and 29, 2012.

19. All of the email correspondence referenced herein was directed to my email account at cwright@grierlaw.com.

This is the 22nd day of January, 2013.

_A. Cotten Wright_
A. Cotten Wright

Sworn to and subscribed before me
this 22nd day of Jan., 2013.

_Kay R. Buffaloe_
Notary Public
Print Name: Kay R. Buffaloe
My commission expires: 9-18-2016

[Notary Seal: Kay R. Buffaloe, Notary Public, Mecklenburg County, N.C., My Comm. Exp. 9-18-2016]

5