# EXHIBIT L

## Cotten Wright

| | |
|---|---|
| **From:** | Andrew LeLiever [lelieverlaw@hotmail.com] |
| **Sent:** | Sunday, July 22, 2012 11:09 PM |
| **To:** | Cotten Wright |
| **Subject:** | answer to July 9 letter |
| **Attachments:** | January 2011 TRUST.pdf; February 2011 TRUST.pdf; March 2011 TRUST.pdf; April 2011 TRUST.pdf; May 2011 TRUST.pdf; June 2011 TRUST.pdf; July 2011 TRUST.pdf; August 2011 TRUST.pdf; September 2011 TRUST.pdf; October 2011 TRUST.pdf |

Ms. Wright,

I have had the opportunity to read your letter dated July 9, 2012 and I would like to answer your questions.

1) I balance my trust account using an excell spreadsheet and the balances for my account. (which I have provided) I have attached the entire trust account statements from Wachovia (including other client's money) and I have perviously supplied Wells Fargo and copies of the checks. I have noticed a few event that have come to light. first the bank charged the trust account for supplying check and allowed a withdraw intended from my office account. I have made a deposit on 10/6/2011 of $600 to counteract the checks and a jenkins overpayment. On 4/12/12 I made a transfer of $208 for repayment of a CLE, it seems as though I overpaid, cle was around $160. Mr. Jenkins ordered through the Trust account. Also I did not include ck 1136 on the original accounting but it appears to be a check for a Wake County motion i the Guglielmo case. There is NO EXCESS in the trust account. It remains having a 0.00 balance.

2) I have not received notification that your have proceeded with an advesary proceeding against me. I did write ck. 1145 to Dianna Jenkins when Mr. Jenkins was present in my office and demanded his money from the trust account. The money in the trust account was Mr. Jenkins from previous lawsuit proceeds. After reveiwing some case law on the subject, your claim should be against Dianna Jenkins as the tranferee and as the one who received the benefit of the transfer, not me.
*In re Meredith, 527 F. 3d 372, Court of Appeals, 4th Circuit 2008*
If you demand to persist in an action against my firm for $715.70 I would appreciate statute and case authority to support your position. I do not appreciate waiting until you bring me in to Court to hear the unpublished opinions the came out a few months ago. As I have stated from the begining, I do not practice in Bankruptcy Law and am not located in that district.

3) I have attached the bank account statement from July 2011 and it reflects check 1111.

4) Check 1141 was redacted shortly after it was written. I wrote Guglielmo v. Jenkins in the subject line but the check was for a CACH disbursement so I redacted Guglielmo. It was redacted before it was sent. I appoligize for the confusion but I also listed the check in the disbursement letter from CACH.

5) The debtor began litigation as a consumer advocate before he retained my firm. I was introduced to Mr. Jenkins from Blake Norman, his previous attorney. Mr. Norman was unable to be present for a hearing with Federated Financial in state court. I represented Mr. Jenkins for that hearing and others but did not enter a general appearance until after Federated had a judgement. Mr. Jenkins inquired if I would take on a consumer protection case on contingency basis, if and when Mr. Norman was unable to continue his representation. When I agreed to appear in consumer protection cases on a contingent basis Mr. Jenkins requested that I contract with an additional paralegal, Don Kovaleski, due to his experience and knowledge in the area. Mr. Kovaleski has worked as a certified paralegal in consumer protection law firms for over ten years. He was willing to also work on a contingent basis. My signed contracts also list Don Kovaleski, disbursement letters indicate his checks. My communications ith Don were mainly oral as to the contacts.

Please contact my firm (919)906-2235 directly if you have any more questions or concerns.

Sincerely,

W. Andrew LeLiever

9/13/2012



Wells Fargo Business Online®

## View Check Copy

| Check Number | Date Posted | Check Amount | Account Number |
|---|---|---|---|
| 1145 | 04/19/12 | $715.70 | BASIC BUSINESS CHECKING IOLTA XXXXXXXXX9459 |