# EXHIBIT Q

**Cotten Wright**

**From:** D J [dlj_maj@yahoo.com]
**Sent:** Wednesday, August 29, 2012 4:57 PM
**To:** Cotten Wright
**Subject:** Re: Ward v. Jenkins / Initial Pre-Trial Order
**Follow Up Flag:** Follow up
**Flag Status:** Red

Ms. Wright,

I strongly disagree with your position that I was the recipient of any transfer.

Furthermore, it was Mr. Jenkins, not me, who spent his proceeds, by writing checks and making ATM withdrawals as the bank records show.

Therefore, I do not believe that you will be able to establish all of the elements necessary to support your allegations.

[redacted] I will appeal it. If her order were to be upheld on appeal, all that you will have successfully accomplished is to force me to file for chapter 7 bankruptcy in California, where I reside and the trustee will still end up with nothing.

I do not think that there is any need to waste our time in settlement talks if you truly believe that you are entitled to over $ 200,000.00 from me.

Perhaps you would like to reconsider your position.

Sincerely,
Dianna Jenkins

---

**From:** Cotten Wright <cwright@grierlaw.com>
**To:** D J <dlj_maj@yahoo.com>
**Sent:** Wednesday, August 29, 2012 11:51 AM
**Subject:** RE: Ward v. Jenkins / Initial Pre-Trial Order

Ms. Jenkins:

I do not have authority from the Trustee to propose a settlement. He is not available today, and it may be late next week before he and I can talk.

That said, the Complaint alleges claims for transfers that are "avoidable" pursuant to both North Carolina law and the Bankruptcy Code. Our review of your bank records and the records we obtained from Blake Norman and Andrew LeLiever indicates that transfers of Mr. Jenkins' settlement proceeds totaling approximately $221,167 were deposited to either of your two bank accounts in the two years before bankruptcy. In addition, Mr. LeLiever made an unauthorized post-petition transfer to you (on Mr. Jenkins' instructions) of $715.70, and those funds are due to the bankruptcy estate. All of the transfers of settlement proceeds plus the post-petitin transfer are "avoidable" under the law, and the Trustee should be able to get a judgment for the total amount of the transfers.

Based on your bank statements, it looks like the transferred funds have been spent. I do not know what

10/11/2012

other assets you might have with which to satisfy a judgment. It would help if you would send us a signed personal financial statement. For your convenience, I have attached a personal financial statement form. We will treat any financial statement that you provide as a confidential communication made in the context of settlement discussions.

Thanks,
Cotten Wright


## A. Cotten Wright

Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
704-332-0207 (direct dial)
704-332-0215 (fax)
cwright@grierlaw.com
www.grierlaw.com

This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete this e-mail. Pursuant to IRS Circular 230, please be advised that, to the extent this communication contains any tax advice, it is not intended to be, was not written to be and cannot be used by any taxpayer for the purpose of avoiding penalties under U.S. federal tax law.

---

**From:** D J [mailto:dlj_maj@yahoo.com]
**Sent:** Wednesday, August 29, 2012 1:50 PM
**To:** Cotten Wright
**Subject:** Re: Ward v. Jenkins / Initial Pre-Trial Order

Ms. Wright,

Regarding settlement, what claims are you making and what amount did you have in mind ?

Thank you,
Dianna Jenkins

---

**From:** Cotten Wright <cwright@grierlaw.com>
**To:** D J <dlj_maj@yahoo.com>
**Sent:** Wednesday, August 29, 2012 8:47 AM
**Subject:** RE: Ward v. Jenkins / Initial Pre-Trial Order

Ms. Jenkins:

If you are interested in trying to work out a settlement with the Trustee, please let me know. If so, we may want to agree to a short stay of the proceedings in order to try to work out a settlement.

Otherwise, as I explained yesterday, the Trustee is considering filing a motion for authority to amend the Complaint. In that event, you will have an opportunity to take a position on the motion to amend. If the motion is granted, the Trustee will file an amended Complaint, and you will have an opportunity to file an answer. Thus, if the Complaint is amended, any deadlines in the pretrial order will be moot. For these reasons, I don't believe that it makes sense to negotiate deadlines between the two of us at this juncture. That said, here are the Trustee's responses to the remaining item 1 issues: We do not anticipate that additional parties will be joined. One issue that may need to be joined is the claim implicated by the unauthorized post-petition transfer that Mr. LeLiever made to you of $715.70. As for discovery, I expect that discovery could be completed within 60 days or so. We do anticipate filing a motion for summary judgment with respect to at least some of the claims.

10/11/2012

Again, if you are interested in discussing a settlement, please let me know.

Thanks,
Cotten Wright

## A. Cotten Wright

Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
704-332-0207 (direct dial)
704-332-0215 (fax)
cwright@grierlaw.com
www.grierlaw.com

This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete this e-mail. Pursuant to IRS Circular 230, please be advised that, to the extent this communication contains any tax advice, it is not intended to be, was not written to be and cannot be used by any taxpayer for the purpose of avoiding penalties under U.S. federal tax law.

---

**From:** D J [mailto:dlj_maj@yahoo.com]
**Sent:** Tuesday, August 28, 2012 9:36 PM
**To:** Cotten Wright
**Subject:** Re: Ward v. Jenkins / Initial Pre-Trial Order

Ms. Wright,

In regards to the pretrial order, what are your proposed deadlines for:
1a ?

1b. I don't think that there are additional parties that need to be joined

1c. Did you have any settlement possibilities in mind ?
   I am unclear as to what there would be to settle. You are already in possession of my financial records which clearly show that I am not in possession of any of the estate's assets and neither have I engaged in any illegal transfers. Frankly, I do not understand what you are hoping to accomplish by continuing with this proceeding.

1.d. Do you have a proposed deadline ?

1.e. Do you have a proposed deadline ?

Please be mindful that there is a 3 hour difference in our locations.

Thank you for your assistance,
Dianna Jenkins

---

**From:** Cotten Wright <cwright@grierlaw.com>
**To:** D J <dlj_maj@yahoo.com>

10/11/2012

**Sent:** Tuesday, August 28, 2012 1:01 PM
**Subject:** Ward v. Jenkins / Initial Pre-Trial Order

Ms. Jenkins:

Attached here is the initial pre-trial order that was entered in the adversary proceeding on August 9th. It calls for a meeting on or before tomorrow. However, the Trustee and I are considering filing a motion for authority to file a second amended complaint. If we do, and if that motion is granted, you will have an opportunity to answer the second amended complaint before discovery begins with respect to the second amended complaint.

If you have questions about this or would like to discuss the initial pre-trial order with me, please let me know.

Thanks,
Cotten Wright

### A. COTTEN WRIGHT



101 North Tryon Street
Suite 1240
Charlotte, NC 28246
704-332-0207 (direct dial)
704-332-0215 (fax)
cwright@grierlaw.com
www.grierlaw.com

This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete this e-mail. Pursuant to IRS Circular 230, please be advised that, to the extent this communication contains any tax advice, it is not intended to be, was not written to be and cannot be used by any taxpayer for the purpose of avoiding penalties under U.S. federal tax law.

10/11/2012