UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

*FILED*
U.S. Bankruptcy Court
Western District of NC
FEB - 4 2013
Steven T. Salata, Clerk
Charlotte Division
RFV

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 12-50413 |
| Matthew Alan Jenkins f/d/b/a | ) | Chapter 7 |
| Shephard Service Company | ) | |
| Debtor(s) | ) | |
| | ) | |
| James T. Ward Sr. and Linda Simpson | ) | |
| Plaintiff(s) | ) | |
| v. | ) | |
| Matthew Alan Jenkins | ) | Adv. Proc. No. 12-03223 |
| Defendant | ) | |

## DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Matthew Alan Jenkins ("Debtor") in opposition to *TRUSTEE'S MOTION FOR SUMMARY JUDGMENT*. Debtor's opposition is based upon the following:

### STATEMENT OF FACTS

1. On April 11, 2012, the Defendant filed his voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code. (Bank. D.E.# 1)

2. The last day to file a Complaint to object to Debtor's discharge pursuant to 11 U.S.C. § 727 was July 13, 2012.

3. The 11 U.S.C. meeting of the creditors was held on May 14, 2012 but was not concluded.

4. The Trustee sought a continuance of the creditors meeting along with an extension of time to object to discharge or dischargeability. (Bank. D.E. # 78)

5. Though the Court did not have the authority to issue an Order allowing the date to be extended to the "adjournment" of the second meeting of the creditors[1], it granted the Trustee's motion (Bank. D.E. #78) and entered an Order on July 2, 2012 (Bank. D.E.# 125) stating that " the deadline for any party in interest to bring an objection to discharge or dischargeability in this case is extended through and including sixty (60) days after the meeting of creditors pursuant to 11 U.S.C. § 341 has been adjourned."

6. The second meeting of the creditors was held on July 19, 2012.

7. During the second meeting of the creditors, the Trustee requested certain documents and changes be made to Debtor's schedules. (D.E.#11  Exh. O) The Trustee provided a self-imposed deadline till July 26, 2012, for the Debtor to provide the requested documentation.

8. On July 25, 2012, the Debtor provided the requested documentation that was not in dispute. (D.E. #11  Exhibit G)

9. The Trustee remained silent and had made no further requests from the Debtor since that time.

10. On August 7, 2012, a text order was entered stating that the Debtor had complied with the Trustee's requests. (August 7, 2012 text order of the Court)

11. On September 26, 2012, the Trustee untimely filed his Complaint objecting to the Debtor's discharge. (Bank. D.E.# 146, D.E. #1)

12. The Debtor deposited his lawsuit proceeds into Dianna Jenkins bank accounts within the ordinary course of the business or financial affairs of the Debtor. (D.E. #11 pg. 8,

---

[1] See *In re Kercsmar*, 2012 Bankr. LEXIS 4234 (Bankr. E.D. Va. Sept. 12, 2012) "...The language of Rule 4007(c), "60 days after the first date set for the meeting of creditors," can be compared with that of Rule 4003(b), which states that objections to Debtor's claim of exemptions must be filed "within 30 days after the meeting of creditors held under § 341(a) is concluded" (emphasis added). Clearly, if Congress had wanted to provide for 60 days after the *conclusion* of the meeting of creditors under Rule 4007(c), it could have so stated."

[2]

pg.14 ¶ 2) ( D.E. #11 Exh. H pg.3 ln.25, pg.4 lns.1-5, pg.12 lns:24-25, pg.13 lns:1-4, pg.15 lns:3-8)

13. The Debtor's actual intent to satisfy the Federated Judgment was made known pre-petition as he attempted to satisfy the Federated Judgment through his pre-petition counsel but Federated refused to accept payment. (D.E. #11 Exh. H pg.9-10 lns. 16-23, 1-5), (Debtor Exh. B- [A.P. #12-5033, D.E. #62 Exh. D-E]), (Exh C.)

14. The Debtor did not own a bank account. (D.E. #11 Exh. G)

15. The Debtor spent his lawsuit proceeds pre-petition and none remained on the petition filing date. (D.E. #11 pg.14) (Bank. D.E. #147)

## ARGUMENT

### A. The Trustee's Complaint Objecting to Discharge was untimely filed and is time-barred

"Pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure, a proceeding to object to or revoke a discharge is an adversary proceeding. In a Chapter 7 case, a complaint objecting to the debtor's discharge must be filed within sixty days of the first day set for the meeting of creditors under Section 341(a). Fed. R. Bankr. P. 4004(a). Upon the filing of a motion, and after a hearing or the opportunity for one, a court may extend the time to file a complaint objecting to discharge. Fed. R. Bankr. P. 4004(b). However, the motion must be filed before the period expires. Id." *In re Holmes*, 393 B.R. 95, 98 (Bankr. M.D.N.C. 2008)

In the instant matter, the last day to file a Complaint to object to Debtor's discharge pursuant to 11 U.S.C. § 727 was July 13, 2012, however, the Trustee sought an extension of time to object to discharge for sixty days after the *conclusion* of the second meeting of the creditors. Though the Court did not have the authority to extend the

[3]

objection deadline till the *conclusion* of the second meeting, it still did so[2] and the second meeting of the creditors was held on and concluded on July 19, 2012.

Pursuant to the Court Order of July 2, 2012, the Trustee had sixty days from the conclusion of the second meeting of the creditors to file his Complaint. Thus, the Trustee had until September 17, 2012, to file his Complaint in order for it to be within the deadline period.

The Trustee's Complaint was filed on September 26, 2012. This was more than sixty days after the conclusion of the second meeting of the creditors.

Even assuming *arguendo*, that the Trustee's self-imposed deadline of July 26, 2012, to respond to the Trustee's document requests constituted the *conclusion* deadline or even July 25, 2012, when the Debtor responded to the Trustee's requests constituted the deadline, the Trustee still needed to file his Complaint within sixty days of either July 25 or July 26, 2012. This would create a deadline of September 23 or September 24, 2012, otherwise the Trustee's Complaint was time-barred.

Additionally, the Trustee could have sought another extension of time to object to dischargeability however he chose not to do so and the time has expired. Since the time has expired for the Trustee to seek an additional extension of time, this Court does not have the authority to extend the deadline for filing an objection to the Debtor's discharge.

> "Rule 9006(b) generally allows a court to enlarge the time for taking action under the Federal Rules of Bankruptcy Procedure "after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). However, Rule 9006(b)(1) is subject to paragraph (b)(3) of the rule, which limits the enlargement of certain periods. Pursuant to Rule 9006(b) (3), the time for filing a complaint objecting to a debtor's discharge under Rule

---

[2]   The objection deadline should only have been extended till the date on which the second meeting of the creditors was held, not the conclusion of the second meeting. See *In re Kercsmar*.

4004(a) may be enlarged "only to the extent and under the conditions stated" in that rule. Rule 4004(b) requires that a motion to extend time be filed before the period has expired." *In re Holmes*, 393 B.R. 95, 98 (Bankr. M.D.N.C. 2008)

Clearly, the Trustee did not file his Complaint within 60 days of either July 19 , July 25 or July 26, 2012, and neither did he seek an additional extension of time to object to the Debtor's discharge therefore the Trustee's Complaint is time-barred.

## B. The Trustee's argument to deny the Debtor his discharge under  11 U.S.C. § 727(a)(2) fails as a matter of law.

The Trustee argues in his Motion that the Debtor's deposits of his lawsuit proceeds into his marital account, which he had been doing years prior to Federated obtaining a judgment against him, conclusively establishes the fact that the Debtor had the "actual intent" to hinder, delay or defraud his creditor Federated since he failed to satisfy the Federated judgment from his lawsuit proceeds and that on this basis the Debtor's discharge should be denied under this subsection.

There are no allegations or evidence presented by the Trustee that the Debtor defrauded Federated[3] so that leaves only the allegation that the Debtor hindered or delayed in satisfying the Federated Judgment. (D.E. #11 pg. 14 ¶ 4, pg. 17 ¶ 3)

In attempting to support his allegation that the Debtor had the "actual intent' to hinder or delay in satisfying the Federated judgment, the Trustee intentionally misrepresents the Debtor's testimony at the first meeting of the creditor's.

The Debtor did not testify that "'there are no other creditors' that he 'avoided paying', except for Federated" as the Trustee states (D.E. #11 pg. 17 ¶ 3).

---

[3] Federated did not loan money, extend credit or have any business relationship with the Debtor but was rather an unlicensed junk debt buyer whom obtained a default judgment against the Debtor, a resident of Iredell County N.C., in Wake County, N.C. after the case had previously been dismissed. The Debtor appealed the judgment to the N.C. Court of Appeals whom upheld the judgment due to a procedural error on the part of the Debtor

The Debtor testified that " Judge Stevens  order said ...I have intentionally avoided paying all of my creditors, including, you know, plaintiff Federated. Well that was based on the oral testimony of Gregory Chocklett.[4] There are no 'other creditors' that I avoided paying. I have only one creditor and that was Federated." (D.E.#11 Exh. H pg3, lns:1-15).

The Debtor was quoting from Judge Stephens order which referenced the plurality of creditors the Debtor had allegedly appeared to avoid paying. This was one of many statements in the Order that were patently false on its face. The April 10, 2012, Order contained the summary of allegations made by Federated Financial during the Hearing. The Order was drafted by counsel for Federated Financial and was not submitted to Debtor's attorney for peer review. The Order specifically used *illusory* language by beginning the Order with " *Matt Jenkins appears*..." (D.E. #11 Exhibit B  ¶ 2, Exhibit H pg. 12, lns:1-21)

In his creditor's meeting testimony, the Debtor was pointing out the fact that he did not have numerous creditors as stated in the Order but rather had only one creditor, Federated.[5] Nowhere does the Debtor say that he avoided paying Federated as claimed by the Trustee. Furthermore the Trustee's misrepresentation of the Debtor's testimony is further contradicted by the fact that the Debtor attempted to make payments. on more than one occasion, to Federated to satisfy their Judgment through his pre-petition counsel and Federated refused those payments. (D.E. #11 Exh. H pg.9-10 lns. 16-23, 1-5), (Debtor Exh. B- [A.P. #12-5033, D.E. #62 Exh. D-E]), (Exh C.)

When the "actual intent" of a debtor is known, the badges of fraud test is not used in place of nor supercedes the known "actual intent" of a debtor.

---

[4] Legal counsel for Federated
[5] The Trustee does not allege or introduce any evidence that the Debtor had any additional creditors other than Federated.

[6]

Here the "actual intent" of the Debtor was known since he attempted to satisfy the
Federated judgment and Federated refused to accept the Debtor's payments toward the
satisfaction of their judgment.

Since the "actual intent" of the Debtor was clearly known, the badges of fraud test
does not apply or supercede that which is already known, therefore the Trustee's claim
has failed as a matter of law since he has failed to show that the Debtor had the "actual
intent" to hinder, delay or defraud his creditor Federated.

## C.   The Trustee's argument to deny the Debtor his discharge under  11 U.S.C. § 727(a)(4) fails as a matter of law.

The Trustee argues that on the Debtor's statement of financial affairs, the Debtor
failed to disclose any transfers of his lawsuit proceeds to Dianna Jenkins, failed to
disclose any interest in funds held in Dianna Jenkins' bank accounts and failed to list any
payments made to creditors and on this basis the Debtor should be denied his discharge
under this subsection.

As the Trustee correctly points out in his Motion, a plain reading of the Statement
of Financial Affair instructions are required.

Statement of Financial Affairs #10a.says: "List all other property, other than prop-
erty transferred in the ordinary course of the business or financial affairs of the debtor,
transferred either absolutely or as     security within **two years** immediately preceding
the commencement of this case…"

Thus, property that is transferred in the ordinary course of the business or
financial affairs of the debtor and that is not transferred absolutely **does not need to be
listed**.

Here it is undisputed that the Debtor deposited his lawsuit proceeds into Dianna
Jenkins' bank account within the ordinary course of the financial affairs of the Debtor and

the Trustee offers no evidence to refute this. Furthermore the Trustee presents evidence within his Motion establishing that the deposits were made within the ordinary course of the financial affairs of the Debtor. (D.E. # 11 pg. 8, pg. 14 ¶ 2, Exh. H pg.3 ln:25, pg.4 lns:1-5, pg.12 lns:24-25. pg. 13 lns:1-4, pg. 15 lns:3-8)

Additionally, the Debtor's lawsuit proceeds were not transferred absolutely. As the Trustee points out in his motion, it was the Debtor who maintained control and spent his lawsuit proceeds, Dianna Jenkins did nothing with them and the Trustee makes no allegations or presents any evidence to the contrary. (D.E.#11 pg.13 ¶ 3) This negates the element required that property must be transferred absolutely.

Therefore the Trustee's claim has failed as a matter of law since he has failed to show that the Debtor omitted any information required on Statement of Financial Affairs #10a.

Statement of Financial Affairs #3.says: "List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600."

Regardless of whether or not the Debtor's utility provider is considered a creditor under this provision, (D.E. #11 pg. 22 ¶ 2) the Debtor did not make any payments to any creditor that exceeded an aggregate value of $599.99 within 90 days of filing his petition. The Trustee's speculation to the contrary does not establish a material fact that the Debtor failed to list any payments made to creditors within 90 days of the Petition date.

Furthermore, it is the Debtor's position that Andrew Leliever and Don Kovaleski were not creditors as contemplated within this provision since they received contemporaneous payment for services rendered therefore payments made to them were not re-

[8]

quired to be listed. Additionally, if they were creditors, as claimed by the Trustee, then the Trustee has an affirmative duty to initiate an adversary proceeding against the two to recover those funds as property of and for the benefit of the estate. The Trustee's failure to do so belies the fact that the Trustee does not truly believe that the two are creditor's of the Debtor.[6]

Therefore the Trustee's claim has failed as a matter of law since he has failed to show that the Debtor omitted any information required on Statement of Financial Affairs #3a.

Finally, the Trustee admits that the Debtor's lawsuit proceeds were spent pre-petition and none remained in Dianna Jenkins' bank accounts on the Petition filing date. (D.E. #11 pg.14, Bank. D.E #147)  The Trustee also acknowledges that the Debtor is not the owner of any bank account. (D.E. #11 Exh. G)

Since no lawsuit proceeds existed on the petition date and the Debtor did not own a bank account, it is axiomatic that the Debtor did not fail to "disclose any interest in funds held in Dianna Jenkins' bank accounts" on the petition date or any other account as alleged by the Trustee.

The Trustee's conclusory allegations to the contrary do not establish a material fact.

Therefore the Trustee's claim has failed as a matter of law since he has failed to show that the Debtor omitted from his schedules any "interest in funds held in Dianna Jenkins' bank accounts" on the petition date.

---

[6] The Trustee filed a Motion to Compel against Leliever which was granted based on Trustee's assertion that the documents to be obtained were essential to Trustee's ability to investigate as to whether or not he had a claim against Leliever and Kovaleski (Bank. D.E. #94)

D. The Trustee's argument to deny the Debtor his discharge under 11 U.S.C. § 727(a)(3) fails as a matter of law.

In his Motion, the Trustee argues that the Debtor failed to provide contact information for putative defendants listed on his Schedule B and that the Debtor failed to provide a "detailed factual record" to support his claims against those putative defendants. Additionally the Debtor's failure to provide emails and phone records of all communications with Don Kovaleski, a licensed paralegal, should warrant a denial of the Debtor's discharge.

The Trustee's allegations are insufficient to deny a discharge under 727(a)(3) as a matter of law since they fail to establish the necessary elements.

A Discharge may only be denied under § 727(a)(3) if the debtor has:

"concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;"

The Fourth Circuit has stated that "a party objecting to a bankruptcy discharge on the basis that the debtor has failed to preserve adequate financial records pursuant to § 727(a)(3) must make an initial showing that (1) the debtor failed to keep and preserve adequate financial records, and (2) such a failure makes it impossible to ascertain the debtor's financial condition". *In re French*, 499 F. 3d 345, 354 (4th Cir. 2007), *citing Meridian Bank v. Alden*, 958 F.2d 1226, 1232 (3d Cir.1992).

The Trustee's allegations to support his summary judgment argument fail to establish both elements necessary under this subsection since his arguments are completely irrelevant to the Debtors financial records.

[10]

The Debtor testified that he does not have contact information for the putative
defendants listed on his Schedule B and contrary to the Trustee's assertion, a chose-in-
action has no "property location" that needs to be listed. A plain reading of the Code
requires that the debtor must have failed to keep and preserve adequate *recorded
financial records*. Lack of contact information or failing to provide a "detailed factual
record" to support possible tort claims is not the recorded financial information as
contemplated under this provision of the Code. It is axiomatic that if the Debtor did not
have contact information for the putative defendants then he could not "fail to preserve"
what he did not have to begin with. Furthermore, the lack of a "detailed factual record" is
a term of art created by the Trustee and it is unknown as to what this would constitute.

The Debtor previously objected to the Trustee's demand that he provide all emails
and phone records with Kovaleski as having no legal basis since any personal
communications between the parties were absolutely irrelevant to the Debtor's
bankruptcy. Additionally, in reference to his litigation, the Debtor objected to the
production of records as being protected by the attorney client privilege since Kovaleski
was under the employ of legal counsel. The Debtor also objected to the production of
phone records on the basis of oppressiveness and that it was unduly burdensome, costly,
harassing and completely irrelevant since the dates and times of phone calls, in and of
themselves, hold no probative value. (DE. #11 Exh. G)

In response, the Trustee chose not file a motion to compel to overcome the
Debtor's production objections but rather informed the Court that the Debtor had
complied with the Court's prior order. (August 7, 2012 Text Order)

The Trustee's speculation that the Debtor and Kovaleski were partners has no
basis in law or fact and the Trustee's conclusory allegation presented with no evidence

[11]

does not create a material fact. Furthermore, pursuant to Court Order, *inter alia*, the Trustee was provided with the settlement agreements from Debtor's prepetition counsel that detailed Kovaleski's compensation for his involvement with the Debtor's litigation and the parties relationship. (Bank. D.E. #127,  Bank. D.E.#130)

For all of the foregoing reasons, the Trustee's Motion to deny the Debtor his discharge under 11 U.S.C. § 727(a)(3) must be denied.

## CONCLUSION

The Trustee's Complaint was untimely filed and furthermore, the Trustee has failed to establish all of the elements necessary to establish any of his causes of actions.

Therefore, for all of the foregoing reasons, the Trustee's motion should be denied and the Debtor should be granted his discharge.

DATED: _1/10/13_

Respectfully submitted,

Matt Jenkins
14833 Mansa Dr.
La Mirada, CA 90638
562 882-0300
shephard68@yahoo.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 12-50413 |
| Matthew Alan Jenkins f/d/b/a | ) | Chapter 7 |
| Shephard Service Company | ) | |
| Debtor(s) | ) | |
| | ) | |
| James T. Ward Sr. and Linda Simpson | ) | |
| Plaintiff(s) | ) | |
| v. | ) | |
| Matthew Alan Jenkins | ) | Adv. Proc. No. 12-03223 |
| Defendant | ) | |

## DEBTORS RESPONSE TO TRUSTEE'S INTRODUCTION AND STATEMENT OF UNCONTROVERTED FACTS CONTAINED WITHIN TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

The Debtor, Matthew A. Jenkins, responds as follows to what the Trustee has alleged in his

Introduction and Motion as a statement of uncontroverted facts.

1. The Debtor disputes and denies transferring funds to his wife.

2. The Debtor disputes and denies that his bankruptcy papers are substantially incomplete.

3. The Debtor disputes and denies that he did not maintain records relevant to his assets,

liabilities, and financial condition.

4. The Debtor denies and disputes that he filed two appeals of the Federated Judgment. There

was one appeal as to the validity of the Judgment and a second appeal based on production of

certain records.

5. The Debtor denies and disputes that he testified that "other than Federated, there are no

creditors that I avoided paying."

6. The Debtor denies and disputes that Trustee's Exh. L. indicates that the Debtor "insisted on

Kovaleski's involvement with the Debtors litigation matters. And that according to Leliever. he

didn't hire Kovaleski for his firm but rather put him in the contingency fee contract with the

statement to the Debtor that if you want to agree to paying this outside paralegal you can".

7. The Debtor denies and disputes that he did not attempt to satisfy the Federated Judgment.

DATED: ___1/30/13___

Matt Jenkins
14833 Mansa Dr.
La Mirada, CA 90638
562 882-0300
shephard68@yahoo.com

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In re:<br><br>**Matthew Alan Jenkins,**<br>**d/b/a Shephard Service Company,**<br><br>          **Debtor.** | **Case No. 12-50413**<br><br>**Chapter 7** |
| **James T. Ward, Trustee,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**Dianna L. Jenkins**<br><br>          **Defendants.** | **Adversary Proceeding 12-5033** |

## DECLARATION OF MATTHEW A. JENKINS PURSUANT TO 28 U.S.C. § 1746

I, Matthew A Jenkins, have personal knowledge of the facts and matters discussed in this declaration, and, if called as a witness, could and would testify as follows:

1.     I am over the age of twenty-one (21) and have personal knowledge of the information set forth below.

2.     I currently reside at 14833 Mansa Dr. La Mirada Ca. 90638

3.     I make this Declaration pursuant to the Trustee's Motion for Partial Summary Judgment entered in the above captioned case on October 29, 2012.

4.     I did not dispose of or part with either directly or indirectly, absolutely or conditionally, voluntarily or involuntarily with any of my interest in any of my lawsuit proceeds that were deposited into the BB&T bank account ending in 0440.

5.      I did not dispose of or part with either directly or indirectly, absolutely or
conditionally, voluntarily or involuntarily with any of my interest in any of my lawsuit
proceeds that were deposited into the Wells Fargo bank account ending in 8590.

6.      Dianna Jenkins did not exercise dominion and control over any of my lawsuit
proceeds.

7.      Only I spent my lawsuit proceeds, no-one else.

8.      I fully intended to pay the judgment owed to Federated Financial.

9.      I did not intend to hinder or delay paying the Federated Financial judgment
and neither did I have any intent to defraud Federated Financial.

10.     I attempted to make payments on more than one occasion, through counsel,
Andrew Leliever, to Federated Financial for purposes of satisfying the judgment owed
however Federated Financial refused to accept payments.

11.     Federated Financial demanded payment in full for the entire judgment amount
and would not accept anything less than that amount.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is
true and correct.

_11/5/12_

Date Executed within the
United States

Matthew A. Jenkins

2

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

In re:

    **Matthew Alan Jenkins,**
    **d/b/a Shephard Service Company,**

              **Debtor.**

**James T. Ward, Trustee,**

           **Plaintiff,**

v.

**Dianna L. Jenkins**

           **Defendants.**

**Case No. 12-50413**
**Chapter 7**

**Adversary Proceeding 12-5033**

## DECLARATION OF ANDREW LELIEVER

### PURSUANT TO 28 U.S.C. § 1746

I, W. Andrew Leliever, have personal knowledge of the facts and matters discussed in this declaration, and, if called as a witness, could and would testify as follows:

1.    I am over the age of twenty-one (21) and am competent to give this testimony.

2.    I am the owner of Leliever Law, P.A. located at 5 W. Hargett St. Ste. 206, Raleigh, NC 27601.

3.    On behalf of Matt Jenkins, I attempted, on more than one occasion, to set up a payment plan with Federated Financial, through their attorney Jon Player, for purposes of satisfying the judgment owed to Federated Financial by Matt Jenkins.

I

4.     Federated Financial, through their attorney, informed me on more than one occasion that they would not accept a payment plan or a lump sum plus a payment plan.

5.     Federated Financial, through their attorney, informed me on more than one occasion that they would only accept a lump sum payment made in the amount of the judgment owed by Matt Jenkins to Federated Financial.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

WILLIAM ANDREW LELIEVER

2

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 12-50413 |
| Matthew Alan Jenkins f/d/b/a | ) | Chapter 7 |
| Shephard Service Company | ) | |
|     Debtor(s) | ) | |
| | ) | |
| James T. Ward Sr. and Linda Simpson | ) | |
|     Plaintiff(s) | ) | |
|     v. | ) | |
| Matthew Alan Jenkins | ) | Adv. Proc. No. 12-03223 |
|     Defendant | ) | |
| | ) | |

## **DECLARATION OF MATTHEW A. JENKINS PURSUANT TO 28 U.S.C. § 1746**

I, Matthew A. Jenkins, have personal knowledge of the facts and matters discussed in this declaration, and, if called as a witness, could and would testify as follows:

1. I am over the age of twenty-one (21) and have personal knowledge of the information set for the below.

2. I currently reside at 14833 Mansa Dr. La Mirada Ca. 90638

3. I make this Declaration pursuant to the Trustee's Motion for Summary Judgment entered in the above captioned case on January 22, 2013.

4. I did not dispose of or part with either directly or indirectly, absolutely or conditionally, voluntarily or involuntarily with any of my interest in any of my lawsuit proceeds that were deposited into the BB&T bank account ending in 0440.

5. I did not dispose of or part with either directly or indirectly, absolutely or conditionally, voluntarily or involuntarily with any of my interest in any of my lawsuit proceeds that were deposited into the Wells Fargo bank account ending in 8590.

6. Dianna Jenkins did not exercise dominion and control over any of my lawsuit proceeds.

7. I spent all of my lawsuit proceeds pre-petion, no-one else.

8. I fully intended to pay the judgment owed to Federated Financial

9. I did not intend to hinder or delay paying the Federated Financial judgment and neither did I

have any intent to defraud Federated Financial.

10. I attempted to make payments on more than one occasion, through counsel, Andrew Leliever,

to Federated Financial for purposes of satisfying the Judgment owed however Federated

Financial refused to accept payments.

11. I deposited all of my lawsuit proceeds into Dianna Jenkins bank accounts ending in 0440 and

8590 within the ordinary course of my financial affairs.

12. I did not make any payments to any creditor that exceeded an aggregate value of $ 599.99

within 90 days of the Petition date.


Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and

correct.

_____

1/7ᴅ/1 ͻ

Date Executed within the            Matthew A. Jenkins
United States

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re:<br><br>    Matthew Alan Jenkins,<br>    f/d/b/a Shephard Service Company,<br><br>                        Debtor. | Case No. 12-50413<br><br>Chapter 7 |
| James T. Ward, Trustee, and Linda<br>Simpson, United States Bankruptcy<br>Administrator<br>                        Plaintiff,<br><br>v.<br><br>    Matthew Alan Jenkins<br><br>                        Defendant | Adversary Proceeding 12-03223 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION
FOR SUMMARY JUDGMENT was furnished on the ⟨₃₀ day of ⟨Jan⟩, 2013, via U.S.
Mail, postage prepaid, or by some other authorized means to the individuals listed below:

Bankruptcy Administrator
Linda W. Simpson
402 West Trade Street
Suite #200
Charlotte, NC 28202

James T. Ward, Sr.
404 Bethel Street
P.O. Box 240
Clover, SC 29710-0240

A. Cotton Wright
Grier Furr & Crisp, PA
101 N. Tryon St., Suite 1240
Charlotte, NC 28246

Dated:___1/30/13_____

_____
Matthew Alan Jenkins
14833 Mansa Dr.
La Mirada CA. 90638
Email: shephard68@yahoo.com

RECEIVED
Bankruptcy Court
Western District of NC

FEB - 4 2013

Steven T. Salata, Clerk
Charlotte Division
RFV

01/30/13

U.S. Bankruptcy Court
Western District of North Carolina
Charlotte Division
401 West Trade Street
Room 111
Charlotte, NC 28202

Matt Jenkins
14833 Mansa Dr.
La Mirada , CA 90638
EMAIL: shephard68@yahoo.com
562 882 0300

RE:  In re Matthew Alan Jenkins fdba Shephard Service Co.

ADVERSARY CASE NUMBER: 12-03223
CHAPTER: 7

Dear Clerk,

Enclosed for filing please find Debtor's Opposition to Trustee's Motion for Summary Judgment. If there are any questions, please feel free to email or call at the above listed contact information.

Thank you for your cooperation.

Sincerely yours,

Matthew Jenkins