# EXHIBIT X

Federated Financial Corp. of America v. Jenkins, 719 S.E.2d 48 (2011)

719 S.E.2d 48
Court of Appeals of North Carolina.

FEDERATED FINANCIAL CORPORATION OF AMERICA, Plaintiff,
v.
Matt JENKINS, individually and d/b/a/ Shephard Service Company, Defendant.

No. COA10–1349. | Sept. 6, 2011.

**Synopsis**
**Background:** Utah creditor's assignee, who was headquartered in Michigan, brought action against North Carolina business debtor to collect on business credit card account. The Superior Court, Wake County, James E. Hardin, Jr., J., entered default judgment in assignee's favor and denied debtor's motion to set aside default judgment. Debtor appealed.

**Holdings:** The Court of Appeals, Thigpen, J., held that:

[1] law of Utah, and not law of North Carolina, would govern determination whether forum selection clause in business credit card agreement was enforceable;

[2] forum selection/consent to jurisdiction clause providing that debtor consented to personal jurisdiction in courts of Utah and that any lawsuit pertaining to account be brought only in Utah courts was not enforceable under Utah law;

[3] law of Utah governed substantive claims in action, pursuant to choice-of-law provision in credit card agreement, but North Carolina law would govern procedural process of action;

[4] debtor's failure to appear at hearing was not due to mistake, inadvertence, or excusable neglect, or to fraud, misrepresentation or other misconduct by creditor; and

[5] debtor's appeal was not frivolous, as grounds for sanctions.

Affirmed.

*50 Appeal by Defendant from order entered 29 June 2010 by Judge James E. Hardin, Jr., in Wake County Superior Court. Heard in the Court of Appeals 24 March 2011.

**Attorneys and Law Firms**

Law Offices of Gregory P. Chocklett, Raleigh, by Gregory P. Chocklett, for Plaintiff–Appellee.

W. Andrew LeLiever, Raleigh, for Defendant–Appellant.

**Opinion**

THIGPEN, Judge.

Matt Jenkins, individually and doing business as Shephard Service Company, Inc. ("Defendant"), a corporation registered in the State of California, entered into a credit card agreement, which contained a forum selection clause designating the State of Utah as the proper venue and jurisdiction for any lawsuit arising from the Agreement. Defendant argues this clause deprived North Carolina courts of jurisdiction. By means of the application of Utah law, we disagree.

**I: Substantive Facts**

Defendant opened a business credit card account with Advanta Bank Corporation, a Utah corporation. The Advanta Business Card Agreement ("Agreement") contained the following choice of law provision:

> This Agreement shall be governed solely by and interpreted entirely in accordance with the laws of the State of Utah, except as (and to the degree that) such laws are superseded by the banking or other laws of the United States, regardless of where you reside.

The Agreement also contained the following forum selection clause:

> I consent to personal jurisdiction in the state and federal courts of Utah and agree that any lawsuit pertaining to the account must be brought only in such courts in

Federated Financial Corp. of America v. Jenkins, 719 S.E.2d 48 (2011)

Utah, regardless of who files the suit, and may be maintained only in those courts unless and until any party elects arbitration pursuant to the arbitration provision in this agreement.

Defendant relocated to and, at the time of the commencement of this action, was residing and operating a business in North Carolina. Nonbusiness purchases were made on the Advanta Bank Corporation credit card. The account became delinquent. On 10 April 2008, the delinquent account was sold to Federated Financial Corporation of America, a business organized under the laws of the State of Michigan, which purchases and collects from delinquent credit card accounts.

### II: Procedural History

On 2 February 2009, Federated Financial Corporation of America ("Plaintiff") filed a complaint against Defendant in North Carolina, alleging Defendant entered into a credit card agreement with Plaintiff's predecessor in interest, Defendant failed to make credit card payments when due and is in default, and Defendant breached the credit card agreement. Plaintiff further alleged "there remain[ed] a payoff of Eighteen Thousand Three Hundred Eighty Four and 43/100 Dollars ($18,384.43)."

On 18 March 2009, Defendant filed a motion to dismiss for improper venue, and an order was entered on 8 May 2009 denying this motion to dismiss.

On 29 September 2009, Defendant filed a motion to dismiss for lack of subject matter and personal jurisdiction in North Carolina, stating, according to the Agreement, "any suit brought to enforce the terms of the agreement 'must be brought only in the State of Utah.'" On 12 October 2009, the trial court denied this motion to dismiss.

On 23 December 2009, Defendant filed a motion to stay proceedings and compel arbitration. On 3 February 2010, the trial court entered an order stating that the "action is going to binding arbitration" and ordering "that this action be dismissed without prejudice to reinstate or reopen the same in the **\*51** event the action is not disposed of as aforesaid."

Based on Defendant's alleged failure to comply with the provisions pertaining to arbitration in the Agreement, on 11 February 2010, Plaintiff filed a motion to hold Defendant in contempt of court, lift stay, deny Defendant's request for arbitration and enter discovery sanctions.

On 16 March 2010, the trial court entered an order denying Plaintiff's motion to hold Defendant in contempt of court, lifting the stay of litigation, denying Defendant's request for arbitration, granting Plaintiff's motion for discovery sanctions, ordering default judgment against Defendant and in favor of Plaintiff, and ordering Plaintiff to recover from Defendant the sum of $18,384.43, plus pre-judgment interest at 29.99% per annum and post-judgment interest at 8% per annum, the costs of the action, and attorneys' fees in the amount of $7,879.20.

On 31 March 2010, Defendant filed a motion to set aside the default judgment. The trial court denied this motion in an order entered 29 June 2010. On 28 July 2010, Defendant filed notice of appeal from the order denying his motion to set aside default judgment.

### III: Analysis

#### i: Choice of Law

[1] As a preliminary matter, we must determine whether the choice of law provision in the Agreement necessitates that we review the appeal through application of the law of the State of Utah. We conclude it does.

[2] [3] [4] "[A] choice of law provision[ ] names a particular state and provides that the substantive laws of that jurisdiction will be used to determine the validity and construction of the contract, regardless of any conflicts between the laws of the named state and the state in which the case is litigated." *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 92, 414 S.E.2d 30, 33 (1992) (citation omitted). "[W]here parties to a contract have agreed that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect." *Sawyer v. Mkt. Am., Inc.*, 190 N.C.App. 791, 794, 661 S.E.2d 750, 752, *disc. review denied*, 362 N.C. 682, 670 S.E.2d 235 (2008) (quotation omitted). "[T]he parties choice of law is generally binding on the interpreting court as long as they had a reasonable basis for their choice and the law of the chosen State does not violate a fundamental public policy of the state or otherwise applicable law." *Id.*, 190 N.C.App. at 794, 661 S.E.2d at 752 (quotation omitted).

Federated Financial Corp. of America v. Jenkins, 719 S.E.2d 48 (2011)

The Agreement in the present case contained a choice of law provision providing that the Agreement would be interpreted under the laws of the State of Utah. At trial, neither party petitioned the trial court to apply Utah law; however, neither did either party challenge the choice of law provision in the Agreement. Similarly, on appeal, neither Defendant nor Plaintiff argue that Utah law does not apply, and neither Defendant nor Plaintiff challenge the choice of law provision in the Agreement. In accordance with the unchallenged terms of the Agreement, we apply Utah law.

### ii: Forum Selection Clause

In Defendant's second argument,[1] he contends the trial court erred by failing to dismiss the case pursuant to the Agreement's forum selection clause. Specifically, Defendant argues that the forum selection clause deprived the North Carolina trial court of jurisdiction. We disagree.

### iii: Utah Jurisdiction

[5] [6] In Utah, as in North Carolina, questions concerning jurisdiction may be raised at any time, even for the first time on appeal. See *Jefferies v. Jefferies*, 895 P.2d 835, 838 (1995) ("Although raised for the first time on appeal, an issue of jurisdiction may be so raised").

[7] [8] [9] "[W]hile a forum selection/consent-to-jurisdiction clause by itself is not sufficient to confer personal jurisdiction over a defendant as a matter of law, such clauses do *52 create a presumption in favor of jurisdiction and will be upheld as fair and reasonable so long as there is a rational nexus between the forum selected and/or consented to, and either the parties to the contract or the transactions that are the subject matter of the contract." *Phone Directories Co. v. Henderson*, 8 P.3d 256, 261 (2000). "[T]he rational nexus element does require *some* connection between Utah and either the parties to or the actions contemplated by the contract[.]" *Id.* (Emphasis in original). One party's connection to Utah is sufficient to satisfy the rational nexus inquiry. See *Jacobsen Constr. Co. v. Teton Builders*, 106 P.3d 719, 728 (2005).

We believe, through the application of Utah law, the language, "either the parties to or the actions contemplated by the contract[,]" *Phone Directories Co.*, 8 P.3d at 261, should be interpreted to reference Plaintiff in this case, not Advanta Bank Corporation, even though Plaintiff is not the original party to the Agreement, but a successor in interest. See *Lundeberg v. Dastrup*, 28 Utah 2d 28, 497 P.2d 648, 650 (1972) (affirming an award against the final successor in interest to a contract instead of the original party to the contract). Therefore, we review to determine whether there is a rational nexus between either Plaintiff or Defendant and the State of Utah.

In this case, the forum selection clause in the Agreement created a presumption in favor of jurisdiction in Utah. The clause is fair and reasonable so long as there is a rational nexus between Utah and the parties or the transactions that are the subject matter of the contract. We now determine whether such a rational nexus exists.

It is undisputed that Defendant is a citizen and resident of Iredell County, North Carolina, and formerly a resident of California. Plaintiff's corporate headquarters is in Michigan. Both parties agree that charges on the credit card were mostly incurred in California and North Carolina. The only evidence of a rational nexus to the State of Utah is Defendant's assertion that Plaintiff is "registered to do business in the state of Utah" and "uses a third party contractor as it[s] registered agent" in Utah. We believe, under Utah law, this is insufficient to establish a rational nexus. See *Jacobsen Constr. Co.*, 106 P.3d at 728 ("[T]he nexus between the underlying dispute and the State of Utah must be truly 'rational[,]' [and] [c]onsequently, the mere presence of a post office box maintained in Utah by a litigant, for example, ... would not provide a sufficiently rational nexus to justify the exercise of personal jurisdiction"). Based on the facts of this case, we conclude there is no rational nexus between the State of Utah and the parties to or the actions contemplated by the Agreement. Therefore, we conclude the forum selection clause in the Agreement is unenforceable under Utah law, and Utah does not have personal jurisdiction.

### iv: North Carolina Jurisdiction

[10] [11] We must now determine whether the State of North Carolina has subject matter and personal jurisdiction. Pursuant to either North Carolina or Utah law, North Carolina has subject matter jurisdiction. See *Harris v. Pembaur*, 84 N.C.App. 666, 668, 353 S.E.2d 673, 675 (1987) (citing N.C. Gen.Stat. § 7A-240) (holding that because the "contract dispute between the parties in this case constitutes a 'justiciable matter' that is 'cognizable' in our trial courts" our courts had subject matter jurisdiction); *see also Herzog v. Bramel*, 82 Utah 216, 23

Federated Financial Corp. of America v. Jenkins, 719 S.E.2d 48 (2011)

P.2d 345, 348 (1933) ("[C]ourts of this state are courts of general jurisdiction, possessing original jurisdiction in all matters civil and criminal not excepted by our Constitution or not prohibited by law"). Moreover, pursuant to either North Carolina or Utah law, North Carolina has personal jurisdiction. *See General Foods Corp. v. Morris*, 49 N.C.App. 541, 543, 272 S.E.2d 17, 18 (1980) (holding "[t]he verified complaint in this case alleges that defendant is a citizen and resident of North Carolina[;][t]his is sufficient for the court to obtain personal jurisdiction over defendant"); *Stunzi v. Medlin Motors, Inc.*, ––N.C.App. ––––, ––––, 714 S.E.2d 770, 774 (2011) ("[A] court may properly obtain personal jurisdiction over a party who consents or makes a general appearance, for example, by filing an answer or appearing at a hearing without objecting to personal jurisdiction"); *53 *Pohl, Inc. of Am. v. Webelhuth*, 201 P.3d 944, 953 (2008) (A defendant has minimum contacts with the forum state when a defendant "purposefully and voluntarily direct[s] his activities toward the forum so that he should expect ... to be subject to the court's jurisdiction based on his contacts with the forum[,]" and a defendant may "direct [his] activities toward the forum by 'purposefully avail[ing] [him]self of the benefits of conducting business' in the forum state") (citation omitted).

In the present case, the facts regarding Defendant's connections to North Carolina are not disputed. By Defendant's own admission in his responsive pleading, he is a citizen and resident of Iredell County, North Carolina. Furthermore, Defendant's responsive pleading did not challenge personal jurisdiction, and it contained counterclaims. The record shows Defendant has purposefully availed himself of the benefits of conducting business in Iredell County, North Carolina, as Shephard Service Company, which is an unincorporated entity.[2] Defendant also submitted an affidavit averring that he resides in Mooresville, North Carolina. The contract dispute in this case is a justiciable matter that is cognizable in our trial courts, which is not prohibited by law or otherwise excepted by statute or Constitution.

We conclude the forum selection clause is unenforceable under Utah law, and Utah does not have personal jurisdiction. We further conclude subject matter and personal jurisdiction is properly in North Carolina.

**IV: Application of North Carolina Law**

[12] North Carolina choice of law rules provide that, in this case, we apply the substantive law of Utah—due to the choice of law provision in the contract—and the procedural rules of North Carolina. *See Stokes v. Wilson & Redding Law Firm*, 72 N.C.App. 107, 112–13, 323 S.E.2d 470, 475 (1984), *disc. review denied*, 313 N.C. 612, 332 S.E.2d 83 (1985) (stating that "[u]nder North Carolina choice of law rules, we apply the substantive law of the state where the cause of action accrued and the procedural rules of North Carolina"). Because the remainder of Defendant's arguments derive from North Carolina procedural rules, we apply North Carolina law to address these arguments.

**i: Rule 60 Motion**

[13] In Defendant's third argument, he contends the trial court erred by denying Defendant's Rule 60 motion to set aside the judgment because "confusion existed among the parties as to the scheduled hearing date." We find this argument without merit.

"[T]he standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citation omitted). "Findings of fact made by the trial court upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence." *Kirby v. Asheville Contracting Co.*, 11 N.C.App. 128, 132, 180 S.E.2d 407, 410, *cert. denied*, 278 N.C. 701, 181 S.E.2d 602 (1971) (citation omitted).

In the present case, Defendant made an N.C. Gen.Stat. § 1A–1, Rule 60(b) motion to set aside the judgment because Defendant's absence from the 15 March 2010 hearing was allegedly the result of "mistake, inadvertence, surprise, or excusable neglect[.]" Specifically, Defendant contends that neither "Defendant nor Defendant's legal counsel ever received notice of hearing[.]" Defendant further argues that Defendant's absence from the hearing was a result of "fraud, misrepresentation, or other misconduct of an adverse party[,]" specifically contending that Plaintiff "contacted the Trial Court Coordinator's office" and said the hearing "must be held only on the 15th[.]"

The trial court made the following findings of fact:

> [T]he Court finds that Defendant received ample, appropriate and due notice of the March 15, 2010 hearing, and Defendant's failure to appear at the hearing was based upon communications between

Federated Financial Corp. of America v. Jenkins, 719 S.E.2d 48 (2011)

> Defendant and his counsel. Defendant's failure to appear does not constitute mistake, inadvertence, surprise or excusable neglect[.]

**\*54** The record contains evidence showing that Defendant was served with an Amended Notice of Hearing, containing the hearing date, 15 March 2010. Defendant's counsel specifically acknowledged the new 15 March 2010 hearing date in an email to Plaintiff's counsel, which is included in the record. We believe this is competent evidence to support the trial court's findings of fact, and as such, they are binding on appeal. Defendant's only argument on appeal regarding the order on Defendant's Rule 60(b) motion pertains to whether Defendant received adequate notice of the hearing. Because the record contains evidence that Defendant received adequate notice of the hearing, we do not believe the trial court abused its discretion in denying Defendant's Rule 60(b) motion.

### ii: Dismissal for Arbitration

[14] In Defendant's fourth argument, he contends the trial court erred by hearing arguments on motions and entering orders on the matter after the case had been dismissed for arbitration, but later reopened.

[15] In an appeal from a N.C. Gen.Stat. § 1A–1, Rule 60(b) motion, an appellant is "limited to arguing that the trial court abused its discretion in denying that motion." *Surles v. Surles,* 154 N.C.App. 170, 173–74, 571 S.E.2d 676, 678 (2002) (citations omitted). A party "may argue that the judgment underlying the Rule 60(b) motion is erroneous only insofar as the error demonstrates the trial court's abuse of discretion in denying the Rule 60(b) motion[.]" *Id.*

Any argument by Defendant pertaining to the order to compel arbitration and subsequent order reopening the case would have been properly made before the trial court. Defendant did not argue before the trial court in his N.C. Gen.Stat. § 1A–1, Rule 60(b) motion that there were legal deficiencies in the order entered by the trial court after the order compelling arbitration. Because our review is limited to Defendant's arguments contained in his N.C. Gen.Stat. § 1A–1, Rule 60(b) motion, we do not address this argument made by Defendant for the first time on appeal.

### iii: Sanctions

[16] On appeal, Plaintiff filed a N.C. R.App. P. Rule 34 motion for sanctions against Defendant, arguing the following: Defendant raised issues on appeal that were not raised at trial, including the first issue, which Defendant withdrew on 19 January 2011, only a few days after Plaintiff filed its motion for sanctions; Defendant drafted documents, which were signed by Defendant's counsel before counsel reviewed them; Defendant continues to file motions at the trial court level even though Defendant's appeal divested the trial court of jurisdiction; and Defendant made "frivolous and slanderous" allegations in his brief.

Although, we note that Plaintiff's assertions in its motion for sanctions are not without validity, Defendant's arguments pertaining to the forum selection clause were well grounded in fact and warranted by existing law, even if ultimately unpersuasive. For this reason, we decline to sanction Defendant pursuant to N.C. R.App. P. 34.

AFFIRMED.

Judges STROUD and HUNTER, JR. concur.

Footnotes

1. We note that Defendant filed a motion to withdraw his first issue on appeal on 19 January 2011, which this Court allowed on 24 January 2011. Therefore, we do not address Defendant's first argument.

2. Defendant also formerly did business in California as Shephard Service Company, Inc., a registered California corporation.