# EXHIBIT Z

Federated Financial Corp. of America v. Jenkins, 721 S.E.2d 409 (2012)

Unpublished Disposition
721 S.E.2d 409 (Table)
Only the Westlaw citation is currently available.
NOTE: THIS OPINION WILL NOT APPEAR IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.
An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.
Court of Appeals of North Carolina.

FEDERATED FINANCIAL CORPORATION OF AMERICA, Plaintiff
v.
Matt JENKINS, individually and d/b/a Shepard Service Company, Defendant.

No. COA11–654.  |  Jan. 17, 2012.

**Opinion**

*1 Appeal by defendant from order entered 25 February 2011 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 9 November 2011.

**Attorneys and Law Firms**

Law Offices of Gregory P. Chocklett, by Gregory P. Chocklett, for plaintiff-appellee.

LeLiever Law, P.A., by W. Andrew LeLiever, for defendant-appellant.

STEELMAN, Judge.

Since defendant failed to execute an undertaking pursuant to N.C. Gen.Stat. § 1–289, his prior appeal to this Court did not divest the trial court of jurisdiction in this matter. Defendant has failed to demonstrate that the trial court abused its discretion in ordering him to produce certain documents incident to supplemental proceedings.

*I. Factual and Procedural Background*

On 4 February 2009, Federated Financial Corporation of America ("Federated Financial") filed this action against Matt Jenkins ("defendant") seeking to recover monies alleged to be owed under a credit card agreement. This case was the subject of a previous appeal where this Court affirmed the trial court's denial of defendant's motion to set aside a default judgment entered against him. See Federated Fin. Corp. of Am. v. Jenkins, No. COA10–1349, —— N.C.App. ——, —— S.E.2d —— (Sept. 6, 2011). The parties indicate that Federated Financial obtained a writ of execution against defendant and that the writ was returned unsatisfied.[1] Federated Financial subsequently obtained an order from the clerk of court, pursuant to N.C. Gen.Stat. § 1–352.2 (2009), requiring defendant to produce certain documents related to his assets.

Rather than comply with this order, defendant filed a "response" to the order in which he objected to the production of certain documents and stated as to others that the documents did not exist. Federated Financial filed a motion for issuance of a show cause order. The record is devoid of a show cause order being issued by the court pursuant to N.C. Gen.Stat. § 5A–23(a) (2009), so we assume that this matter proceeded under N.C. Gen.Stat. § 5A–23(a1) (2009). Following a hearing upon Federated Financial's motion, the trial court ordered defendant to produce most of the items set forth in the clerk's order. The order of the trial court further stated that defendant would be subject to civil contempt if he failed to comply with its terms.

Defendant appeals.

*II. Contempt*

Defendant argues that the trial court erred in conducting a hearing in this matter while his first appeal was pending in the Court of Appeals. As a general rule, " 'appeal stays contempt proceedings until the validity of the judgment is determined.' " In re Will of Jacobs, 91 N.C.App. 138, 146, 370 S.E.2d 860, 866 (1988) (quoting Joyner v. Joyner, 256 N.C. 588, 591, 124 S.E.2d 724, 727 (1962)). However, the judgment appealed from in the instant case was a money judgment. The subsequent proceedings before the clerk and the Superior Court were to execute upon the judgment (Chapter 1, Article 28, Subchapter X of the North Carolina General Statutes) and supplemental proceedings (Chapter 1, Subchapter X, Article 33 of the North Carolina General Statutes).

Federated Financial Corp. of America v. Jenkins, 721 S.E.2d 409 (2012)

*2 N.C. Gen.Stat. § 1–289(a) (2009) provides that where a judgment directs the payment of money, an appeal from that judgment does not stay execution unless the defendant executes a written undertaking that is also executed by one or more sureties. The condition of this undertaking is that "if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed." *Id.; see also Cox v. Cox,* 133 N.C.App. 221, 233, 515 S.E.2d 61, 69 (1999) (upholding a contempt order for not paying an award of attorney's fees when there was no undertaking pursuant to N.C. Gen Stat. § 1–289).

There is no evidence of such an undertaking in this case or COA10–1349. Defendant's appeal in COA10–1349 did not stay the judgment, the execution, the supplemental proceedings, or the hearing conducted incident thereto. This argument is without merit.

### *III. Defendant's Objections to the Scope of the Discovery Order*

Defendant makes several arguments as to how the trial court erred in ordering him to produce documents related to his assets. We are not persuaded.

#### *A. Standard of Review*

We review discovery orders issued pursuant to Rules of Civil Procedure 26 through 37 for abuse of discretion. *See Fulmore v. Howell,* 189 N.C.App. 93, 95–96, 657 S.E.2d 437, 439–40 (2008). The discovery tools provided by N.C. Gen.Stat. § 1–352.2 are analogous to those contained in the Rules of Civil Procedure. Therefore, we hold that discovery rulings under N.C. Gen.Stat. § 1–352.2 are reviewed for abuse of discretion. A trial court abuses its discretion when its ruling is "manifestly unsupported by reason" or cannot be the result of a reasoned decision. *Id.* at 96, 657 S.E.2d at 440 (quoting *Nationwide Mut. Fire Ins. Co. v. Bourlon,* 172 N.C.App. 595, 601, 617 S.E.2d 40, 44 (2005)) (internal quotation marks omitted).

#### *B. Analysis*

Defendant contends that the trial court erred in ordering him to produce "[a]ll personal and corporate bank statements" from 2006 through 2009. He asserts that this portion of the order refers to corporate documents of the Shepard Service Company, a corporation purportedly organized in California—not the unincorporated Shepard Service Company named in the complaint. Because this corporation is not a party, defendant argues, he cannot be compelled to produce corporate records. Under N.C. Gen.Stat. § 1–352.2(1), a judgment debtor (or his agent) may be required to produce "property" or "evidence of property" in his "possession and custody or subject to his control." Defendant maintains he does not possess the relevant documents. He must demonstrate to the trial court, not this Court, that the relevant documents are not in his possession and custody or subject to his control. He has failed to do so; therefore, this argument is without merit.

Next, defendant contends that the trial court erred in requiring him to produce privileged documents. However, the trial court's order explicitly stated that with respect to any documents that were sealed or privileged, defendant shall submit them, under seal, to the trial court for an *in camera* review. Instead of complying with this provision, defendant chose to appeal the order of the trial court. We cannot address the substance of defendant's privilege argument because he has failed to present the documents to the trial court for an *in camera* review. None of the questioned documents are contained in the record for our review. We refuse to allow defendant to make a broadside privilege argument on appeal that rests solely upon his own questionable assertions.

*3 Defendant next argues that the trial court erred in requiring him to produce documents that do not exist. The existence of these documents is a factual question for the trial court. To support his assertion that these documents do not exist, defendant cites only to his lawyer's unverified response to the clerk's order. The trial court was not persuaded by this document, and we discern no abuse of discretion.

Defendant next argues that his tax returns and copies of settlement agreements between defendant and entities that are not a party to this case cannot be discovered under N.C. Gen.Stat. § 1–352.2 because they are not *solely* his property or evidence *only* of *his* property.[2] N.C. Gen.Stat. § 1–352.2 employs broad language and does not limit the term *property* to mean property that is owned exclusively by the debtor. Defendant's argument borders on frivolity and does not merit further discussion.

Finally, defendant argues that the trial court erred in

ordering him to produce confidential settlements from other lawsuits to which he was a party. Defendant could have submitted these documents, under seal, to the trial court for an *in camera* review to determine whether they were discoverable by Federated Financial, but he declined to do so. Defendant does not cite any authority that states that confidential settlements are never discoverable, nor does he explain why any of these particular settlements are not discoverable. *See* N.C. R.App. P. 28(b)(6) (stating that briefs "shall contain citations of the authorities upon which the appellant relies"). This argument is without merit.

AFFIRMED.

Judges GEER and BEASLEY concur.

Report per Rule 30(e).

**Parallel Citations**

2012 WL 123149 (N.C.App.)

Footnotes

1   Counsel for Federated Financial refers us to an attachment to his brief purportedly containing the writ of execution. Unless we take judicial notice of information, our review is limited to the record on appeal. We remind counsel that attachments to briefs are not part of the record. *N. Carolina Concrete Finishers, Inc. v. N. Carolina Farm Bureau Mut. Ins. Co.*, 202 N.C.App. 334, 338, 688 S.E.2d 534, 536 (2010). We also note that the record does not contain documents that would have aided this Court in evaluating defendant's appeal, including Federated Financial's original discovery motion. Counsel for defendant is admonished to exercise greater care in the preparation of the record on appeal.

2   Defendant's argument is that the Sixth Edition of *Black's Law Dictionary* defines property as "that which is particular or proper to any person; that which belongs exclusively to one." Def.'s Br. 13 (quoting *Black's Law Dictionary* 845 (6th ed.1999)) (internal quotation marks omitted). We are not persuaded. Joint ownership of property is a long-established legal concept. *See, e.g., Harrison v. Burgess*, 8 N.C. 384, 392 (1821) (referring to "joint property"). Defendant should note that the 9th and most recent edition of *Black's Law Dictionary* does not contain the exclusivity language cited by defendant, but rather defines "property" in broader terms as "[a]ny external thing over which the rights of possession, use, and enjoyment are exercised." *Black's Law Dictionary* 1335–36 (9th ed.2009).

End of Document                                         © 2013 Thomson Reuters. No claim to original U.S. Government Works.