# EXHIBIT BB

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. _____

| | |
|---|---|
| MATT JENKINS, *an individual* )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERATED FINANCIAL CORPORATION )<br>OF AMERICA, INC., *a foreign corporation,* )<br>and )<br>GREGORY P. CHOCKLETT, )<br>*individually and DBA* )<br>THE LAW OFFICES OF )<br>GREGORY P. CHOCKLETT )<br>)<br>Defendants. ) | COMPLAINT<br>(Jury Trial Demanded) |

## COMPLAINT

**COMES NOW** the Plaintiff, Matt Jenkins, by and through undersigned counsel, and complains of the defendants as follows:

### INTRODUCTION

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

The Fair Debt Collection Practices Act (FDCPA) was enacted to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

1

consistent State action to protect consumers against debt collection abuses.

This is an action to recover damages for violations of the FDCPA and for certain violations of North Carolina Statutes committed by Defendant Federated Financial Corporation of America, Inc. ("Federated") and/or Defendant Gregory P. Chocklett ("Chocklett") while attempting to collect a debt from the Plaintiff.

## THE PARTIES

1.  Plaintiff Matt Jenkins is a natural person and a citizen of the United States and of the State of North Carolina who, at all times material to the allegations in this complaint, resided in and continues to reside in the Town of Mooresville in the County of Iredell.

2.  Defendant Federated is a foreign corporation whose principal offices are located in Farmington, Michigan and who claims to have an office in the City of Raleigh, Wake County, North Carolina.

3.  Defendant Chocklett is a natural person and is a citizen of the United States and of the State of North Carolina, and is a licensed attorney in the State of North Carolina who maintains a law office in the City of Raleigh, Wake County, North Carolina.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§1331, 28 U.S.C. §2202 and 15 U.S.C. 1692k(d).

5.  Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6.  On or about February 2009, Defendant Federated retained Defendant Chocklett to file suit against Plaintiff in Wake County Superior Court, in the State of North

2

Carolina, alleging that Plaintiff defaulted on a credit card debt.

7. Defendants Federated and Chocklett included in their allegations and consistently asserted in their prosecution of the claim that some or all of the alleged debt was incurred for personal, family or household purposes and in doing so produced statements purporting to evidence purchases from area grocery stores, restaurants, clothing stores, health clubs, etc.

8. Because some or all of the alleged debt at issue was incurred for personal, family or household purposes, Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a.

9. Because Plaintiff allegedly incurred the debt at issue, he is a consumer within the meaning of N.C. Gen. Stat. § 58-70-90 and a debtor for purposes of N.C. Gen. Stat. § 58-70-115.

10. On or about March 10, 2010 Defendant Federated was awarded a default judgment against Plaintiff.

11. Since that time, and within one year prior to the filing of this complaint, Defendant Federated, by and through Defendant Chocklett, has instituted numerous additional legal proceedings in Wake County Superior Court in an attempt to collect on the above referenced judgment.

12. Legal proceedings brought for the purposes of judgment enforcement or in aid of execution of a judgment is legal action within the meaning of 15 U.S.C. § 1692i and collection agency business within the meaning of N.C. Gen. Stat. § 58-70-15.

13. At all times material to this complaint, the Plaintiff was a resident of Iredell

County, in North Carolina, and lived approximately 175 miles from Wake County, North Carolina.

14. Defendant Federated is a "debt collector" within the meaning of 15 U.S.C. § 1692a and a collection agency within the meaning of N.C. Gen. Stat. § 58-70-15 and as of October 1, 2009, a "debt buyer" within the meaning of N.C. Gen. Stat. § 58-70-15.

15. Pursuant to N.C. Gen. Stat. § 58-70-1, no person, firm, corporation, or association shall conduct or operate a collection agency or do a collection agency business without a permit.

16. Defendant Federated does not have a permit to conduct or operate a collection agency or to conduct collection agency business in the State of North Carolina.

17. Defendant Federated has never provided Plaintiff with an itemized accounting of the amount claimed to be owed, including all fees and charges.

18. 15 U.S.C § 1692 et seq. applies to attorneys engaged in debt collection and litigation.

19. Defendant Chocklett is a "debt collector" within the meaning of 15 U.S.C. § 1692a.

## COUNT I
## DEFENDANT FEDERATED'S VIOLATION OF THE FDCPA
## 15 U.S.C § 1692i

20. A debt collector who brings any legal action on a debt against any consumer shall bring such action only in the judicial district or similar legal entity in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action.

4

21. Because Defendant Federated, a debt collector, brought a legal action against the Plaintiff, a consumer, outside the judicial district or similar legal entity in which the Plaintiff signed the contract sued upon, or in which the Plaintiff resided at the commencement of the action, Defendant Federated has violated the FDCPA by and through its post-judgment legal action.

22. Because Defendant Federated, a debt collector, has violated the FDCPA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000, actual damages, as well as attorney fees and costs.

## COUNT II
## DEFENDANT CHOCKLETT'S VIOLATION OF THE FDCPA
## 15 U.S.C. § 1692i

23. A debt collector who brings any legal action on a debt against any consumer shall bring such action only in the judicial district or similar legal entity in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action.

24. Because Defendant Chocklett, an attorney acting as a debt collector, brought a legal action against the Plaintiff, a consumer, outside the judicial district or similar legal entity in which the Plaintiff signed the contract sued upon, or in which the Plaintiff resided at the the commencement of the action, Defendant Chocklett has violated the FDCPA by and through his post-judgment legal action.

25. Because Defendant Chocklett, an attorney acting as a debt collector, has violated the FDCPA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000, actual damages, as well as attorney fees and costs.

## COUNT III
## DEFENDANT FEDERATED'S VIOLATION OF THE NORTH CAROLINA STATUTES
## N.C. GEN. STAT. § 58-70-115

26. A collection agency who is a debt buyer may make no attempt to collect on any debt without first, *inter alia*, providing to the debtor an itemized accounting of the amount claimed to be owed, including all fees and charges. N.C. Gen. Stat. § 58-70-115(5).

27. Defendant Federated has refused to provide an itemized accounting of the amount claimed to be owed, including all fees and charges.

28. The Wake County Superior Court has held in this matter that post-judgment recovery activity is separate and distinct from the underlying lawsuit which resulted in judgment against the Plaintiff.

29. Because Defendant Federated's post judgment recovery attempts are unrelated to the action which resulted in the judgment against the Plaintiff, Defendant Federated is subject to N.C. Gen. Stat. § 58-70-115(5) regarding the complained-of post-judgment legal actions, as of October 1, 2009.

30. Because Defendant Federated has refused to provide an itemized accounting of the amount claimed to be owed, including all fees and charges, Defendant Federated's separate, post-judgment collection activities violate N.C. Gen. Stat. § 58-70-115.

31. Because Defendant Federated has violated N.C. Gen. Stat. § 58-70-115, Plaintiff is entitled to damages pursuant to N.C. Gen. Stat. § 58-70-130 in an amount not less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

## COUNT IV
## DEFENDANT FEDERATED'S VIOLATION OF THE NORTH CAROLINA STATUTES
## N.C. GEN. STAT. § 58-70-110

32. No collection agency shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation. Such representations include, *inter alia*, false representations of the creditor's rights. N.C. Gen. Stat. § 58-70-110(4)

33. No person, firm, corporation, or association shall conduct or operate a collection agency or do a collection agency business without first obtaining a permit to operate a collection agency or do a collection agency business.

34. Defendant Federated is a collection agency and doing collection agency business without a permit.

35. Because Defendant Federated is operating a collection agency and doing collection agency business without the proper permit, Defendant Federated's, by virtue of those activities, is falsely representing the impression that it has the legal authority to operate as a collection agency or do collection agency business in the State of North Carolina, and in doing so, violates N.C. Gen. Stat. § 58-70-110.

36. Because Defendant Federated is operating in violation of N.C. Gen. Stat. § 58-70-110, Plaintiff is entitled to damages pursuant to N.C. Gen. Stat. § 58-70-130 in an amount not less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

## COUNT V
## DEFENDANT FEDERATED'S VIOLATION OF THE NORTH CAROLINA STATUTES
## N.C. GEN. STAT. § 58-70-1

7

37.  No person, firm, corporation, or association shall conduct or operate a collection agency or do a collection agency business until he or it shall have secured a permit.

38.  Defendant Federated is operating a collection agency or doing collection agency business without having first secured a permit.

39.  Because Defendant Federated is operating a collection agency without a permit, is it operating in violation of N.C. Gen. Stat. § 58-70-1.

40.  Because Defendant Federated is in violation of N.C. Gen. Stat. § 58-70-1, pursuant to N.C. Gen. Stat. § 58-70-40 it should be enjoined from operating a collection agency or doing collection business until such time as Defendant Federated obtains the proper permits and/or licenses and bonds.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that judgment be entered in his favor and against Defendants as follows:

1. Statutory damages of $1,000 for violations of the FDCPA;
2. Costs of suit, including attorney fees and actual costs pursuant to 15 U.S.C. § 1692k;
3. Statutory damages of $4,000 for each separate violation of the North Carolina Statutes;
4. Declaratory relief consistent with N.C. Gen. Stat. § 58-70-40; and

5. Any other further relief as the Court deems just and appropriate.

Dated: September 21, 2011

Respectfully submitted,

/s/ W. Andrew LeLiever

W. Andrew LeLiever
N.C. State Bar No: 37384
LELIEVER LAW, P.A.
5 W. Hargett St., Ste. 206
Raleigh, NC 27601
Telephone: 919-906-4687
lelieverlaw@hotmail.com
*Counsel for Plaintiff*

9